## Folsom *v.* Slattery, Appellant.

*Principal and agent—Compensation of agent—Securing contract for sale of land.*

In an action to recover compensation for securing a contract for the sale of land to defendant, a verdict and judgment for plaintiff will be sustained where the evidence, although contradicted, tended to show that the defendant had agreed to pay the plaintiff a stated sum if the latter succeeded in getting the owner of a lot of land to enter into a contract with the defendant to convey to the latter the property at a certain price, and that the plaintiff had succeeded in securing such a contract, although the defendant had refused to take title to the land on account of an alleged defect in the title.

Argued April 30, 1913. Appeal, No. 151, April T., 1913, by defendant, from judgment of C. P. No. 1, Allegheny Co., June T., 1907, No. 286, on verdict for plaintiff in case of J. H. Folsom *v.* M. J. Slattery. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD and PORTER, JJ. Affirmed.

Assumpsit for commissions for securing the sale of a lot of land to defendant. Before FRAZER, P. J.

The facts are stated in the opinion of the Superior Court.

Defendant presented the following point:

2. If the defendant had reason to believe that he would be subjected to a lawsuit if he purchased the property from the vendor, he was justified in refusing to take the same, and plaintiff cannot recover in this action. *Answer:* If he had reason to believe he would be subject to a lawsuit by reason of outstanding title, or any defects in title, he would be justified in refusing it, and he would be justified in refusing to take the property, but he would not be justified in refusing to pay Folsom his commission, unless there was an understanding with Mr. Folsom, or it was understood at the time of his agreement with Mr. Folsom, that he was not to

pay him unless he became the actual purchaser of the property. [2]

The court refused binding instructions for defendant.

Verdict and judgment for plaintiff for $348.12. Defendant appealed.

*Errors assigned* were (2, 6) above instructions, quoting them.

*George L. McCleary*, with him *H. F. McGrady*, for appellant.—The plaintiff became the agent of the defendant for a specific purpose, namely, to secure an actual sale to him, by good and marketable title, of the Emsworth property for the price offered, or less, and until he as agent accomplished the object of his employment, he was not entitled to any compensation: Kifer v. Yoder, 198 Pa. 308; S. V. Thompson Co. v. Goldman, 41 Pa. Superior Ct. 209; Middleton v. Thompson, 163 Pa. 112; Creveling v. Wood, 95 Pa. 152; Sweeney v. Oil & Gas Co., 130 Pa. 193; Norris v. Maitland, 34 L. I. 355.

Mr. Slattery's reasons for refusing to purchase the property from Stoughton were good and substantial. He had received notice of adverse ownership affecting the title to the property, which was of a character and from a source likely to gain credit, and he would have been bound by it: Butcher v. Yocum, 61 Pa. 168; Mulliken v. Graham, 72 Pa. 484; Coleman v. Reynolds, 181 Pa. 317; Reighard's Est., 192 Pa. 108.

*T. D. McCloskey*, of *Kinnear, McCloskey & Best*, for appellee.—The plaintiff was entitled to his commission when the agreement between Mr. Slattery and Mr. Stoughton was executed: Hipple v. Laird, 189 Pa. 472; Irons v. Snyder, 49 Pa. Superior Ct. 522; Sweeney v. Oil & Gas Co., 130 Pa. 193.

OPINION BY MORRISON, J., July 16, 1913:

This is an action of assumpsit brought by the plaintiff

to recover the sum of $250, alleged to have been agreed upon between the plaintiff and defendant as compensation to the plaintiff for securing for the defendant a lot of land alleged to be owned by A. K. Stoughton, located on North avenue, Emsworth borough, Pennsylvania. The plaintiff alleged that he had authority from Mr. Stoughton to secure a purchaser for said lot for the price of $4,400 and that he negotiated with the defendant and the latter agreed with the plaintiff that if he could secure the property to be sold to Mr. Slattery for $4,150, that the latter would pay to the plaintiff the difference between $4,400 and $4,150 or $250, as plaintiff's compensation for making the sale, and there was evidence from which the jury could find that Mr. Slattery agreed to this proposition, but, as he alleged, upon the condition that the title to the property was to be good and marketable and passed by his attorney.

On March 30, 1906, the defendant met the plaintiff and together with A. K. Stoughton, the alleged owner of the property, they went to the office of Mr. Slattery's attorney, where, at the instance of the plaintiff, Mr. Stoughton and Mr. Slattery entered into the following written agreement:

"PITTSBURG, Pa., March, 30, 1906.

" Received of Michael J. Slattery $50, part payment of the purchase price of those two certain lots of ground in the Borough of Emsworth, Allegheny county, Pennsylvania, being lots Nos. 8 and 9, in Adair and Diffenbacher's plan, recorded in Plan Book, Vol. 4, page 263, and having a front of 100 feet on North Avenue, and extending back therefrom 150 feet more or less to Apple Alley, which said real estate is this day sold to the said Michael J. Slattery for the sum of $4,150, balance of $4,100 to be paid as follows:

"Purchaser to assume and pay a mortgage of $2,000, now on the premises, as part of the purchase price, remaining two thousand and one hundred dollars cash on

delivery of good and sufficient general warranty deed on
or before April 10, 1906. Title to be good and free from
liens and encumbrances or hand money refunded on de-
mand. Purchaser to pay all taxes 1906.
Witnesses:

    " EDITH GARWOOD    A. K. STOUGHTON "
    " H. F. MCGRADY    MICHAEL J. SLATTERY "

If A. K. Stoughton had title to the lots in question it
cannot be doubted that the above was a valid contract
for the sale of the same to Michael J. Slattery, nor can it
be doubted that the latter agreed to purchase the property
for the price named therein. But subsequently Mr.
Slattery refused to take and pay for the property notwith-
standing the fact that on April 10, 1906, a good and suffi-
cient warranty deed was tendered by Mr. Stoughton to
Mr. Slattery who refused to accept the deed and pay the
purchase price, alleging that one Irons had, since the
execution of the agreement between Stoughton and
Slattery, informed the latter that John B. Hays had made
an agreement in writing on February 23, 1906, with Mr.
Irons to sell him the property.

It appears in evidence, and is not contradicted, that
John B. Hays conveyed his title to the property in ques-
tion, on December 27, 1904, to William D. Hays; that the
agreement made by John B. Hays to sell the property
to James H. Irons was made on February 23, 1906, more
than a year after John B. Hays had conveyed his title to
William D. Hays. Now so far as we can see from the evi-
dence, John B. Hays was a mere intermeddler in making
the contract of February 23, 1906, to sell the property to
James H. Irons, and the evidence does not disclose that
said contract had any legal effect whatever upon the title
which William D. Hays conveyed on March 28, 1906, to
A. K. Stoughton. This deed was recorded April 10, 1906,
in the recorder's office of Allegheny county in Deed Book,
Vol. 1439, page 518. It will be noted that it was on
March 30, 1906, that the agreement of sale and purchase

of the property between A. K. Stoughton and M. J. Slattery was executed and delivered.

Appellant's learned counsel contend that because Mr. Irons notified the appellant that he had a contract for the sale and purchase of the property in question from John B. Hays of a date prior to the contract between Stoughton and Slattery, that, therefore, Stoughton's title tendered to appellant was not good and marketable. But we fail to see much force in this contention, because it was shown in evidence that Mr. Stoughton had purchased the property for value without notice of any defect in the title, after an examination by this attorney, from William D. Hays to whom John B. Hays had conveyed the same on December 27, 1904. Mr. Irons' contract with John B. Hays was not of record and it does not appear that either the plaintiff or Mr. Stoughton had any knowledge of any agreement between John B. Hays and Mr. Irons for the purchase and sale of this property at the time the agreement was entered into between Stoughton and Slattery. Moreover, slight investigation and inquiry would undoubtedly have informed Mr. Slattery's attorney that John B. Hays had parted with his title more than a year before he made the contract with Mr. Irons, and that the title that John B. Hays formerly owned was fully vested in Mr. Stoughton before he made the contract of March 30, 1906, to sell the property to the appellant. Upon this state of facts the plaintiff alleged that he had procured a valid contract for the sale of the property to the appellant; that the latter had accepted the contract and had paid part of the purchase money and that he had it entirely within his power to purchase the property and pay for it and that his refusal to do so, on the facts in evidence, did not relieve him from paying the plaintiff the $250, which appellant had agreed to pay if the plaintiff would secure the property to be sold to him.

We find in the record nine assignments of error, but as we understand the facts found by the jury which control this case the assignments do not raise reversible error.

The learned court, in charging the jury, used the following language: "It seems to me, gentlemen, that this case comes down to the question of whether or not it was understood between Mr. Slattery and Mr. Folsom that the $250, was not to be paid by Slattery to Folsom unless the purchase was finally carried out, and he received a good, general warranty deed for the property, and I believe Mr. Slattery says that was the understanding, that it was so understood. Whether it was understood with Mr. Folsom or not, I don't recall from the testimony, but you gentlemen will have to determine that question.

"Then, as I said, Mr. Folsom in this case can recover if there was no understanding of that kind that he was to pay, but the understanding was that Mr. Slattery was to pay to Folsom, if he succeeded in getting Stoughton to enter into the contract with him to convey to him the property for $4,400. You have heard the testimony in this case of these different witnesses, and, if you find the plaintiff is entitled to recover, your verdict should be in favor of the plaintiff for $250, with interest from April 10, 1906. If you find that he is not entitled to recover, your verdict ought to be for the defendant.

"The plaintiff must satisfy you of his right to recover, by the weight of the evidence, which is the value of the testimony of the different witnesses. If after considering all of the testimony, the weight or value of it is in favor of the plaintiff, he is entitled to a verdict."

The bargain between the plaintiff and the defendant was oral and the testimony was somewhat in conflict and it was certainly for the jury to determine what the contract really was between the plaintiff and the defendant. The jury evidently found that all the plaintiff undertook to do was to procure a valid contract for the purchase of the property in question by his employer, the appellant. We do not understand it to be seriously contended that in fact there was any question about the title which A. K. Stoughton agreed by the writing of March 30, 1906, to sell and convey to the appellant and, therefore, we are of

the opinion, the jury having found that the plaintiff complied with his agreement with the appellant, he was entitled to recover the $250, with interest. It is evident that the jury found that the agreement between Mr. Folsom and Mr. Slattery was not that the $250 was to be paid if the purchase was finally carried out and Mr. Slattery received a good general warranty deed for the property, but that Mr. Slattery was to pay Mr. Folsom if the latter succeeded in getting Mr. Stoughton to enter into the contract with Mr. Slattery to convey him the property for $4,400. Upon such finding the plaintiff was then entitled to his compensation upon the execution and delivery of the agreement between Mr. Slattery and Mr. Stoughton: Hipple v. Laird, 189 Pa. 472; Irons v. Snyder, 49 Pa. Superior Ct. 522. The failure to consummate the sale was not the fault of the plaintiff. He had performed his contract, as evidently found by the jury, and had a right to recover: Sweeney v. Oil & Gas Co., 130 Pa. 193.

The assignments of error are all dismissed and the judgment is affirmed.