## Dauchy *against* Pond.

Parties contracting for the purchase and sale of land, may make the time of payment of the purchase-money essential to the contract, so that if the money be not paid at the times stipulated, the contract shall be null and void; and the vendee cannot compel its specific execution although previously in part performed.

In an action on a contract for the purchase and sale of land, when the plaintiff seeks to compel specific performance, evidence of the value of the land is pertinent to the issue.

ERROR to the common pleas of *Crawford* county.

James Dauchy against Isaac W. Pond. Ejectment for 80 acres of land, to compel the specific execution of the following agreement, which the plaintiff gave in evidence:

Agreement, January 24th, 1834, between I. W. Pond, of the one part and James Dauchy of the other. Whereas, the said party of the first part hath agreed to sell to the said party of the second part a certain piece of land, situated in Spring township, &c., and bounded, &c, containing all my right title and interest within the boundaries above mentioned, for the sum of 1000 dollars; the payments to be made as follows: 100 dollars in hand paid, and 400 dollars to be paid the 1st day of May next, and 500 dollars to be paid in two years from the 1st day of May next, to be on interest from the 1st day of May next. Whereas, in consideration the said party of the first part is to give possession to the said second party on the 1st of March next; the said first party to have one half the privilege of the barn. Whereas, in consideration of the fulfilment of the above payments, the party of the first part agrees to make a warrantee deed to the said party of the second part. Whereas, in consideration that the said party of the second part should fail to make the payments as before mentioned, this agreement is to be null and void and of no effect, otherwise in full force, whereunto we do set our hands, &c.

ISAAC W. POND, [L. S.]
JAMES DAUCHY, [L. S.]

Witness James Foster, Henry Pond.

He also read a receipt to the following purport, viz: "Spring, June 5th, 1834. Received of James Dauchy 90 dollars, to apply in our land contract, that is, if the balance of the first payment is paid over by the 1st day of September next, and if not, the above amount is to be refunded back to Mr. Dauchy.

(Signed,) "ISAAC W. POND."

IX.—E*

The plaintiff then called witnesses to prove that on the 1st of May 1836, he tendered to the defendant the whole balance of the purchase-money, amounting to about 950 dollars, which he refused to accept.

The defendant then gave evidence that Dauchy had gone to the eastward, with the expectation of getting money to pay for the land, and was disappointed, and that when he returned he talked of giving up his contract, and Pond expressed a wish that he should; that some difference occurred between them on the subject of alleged improvements made by Dauchy; that Pond told him to take his horses off the farm, and they were taken off, and Pond took the possession of the land again, about the 20th of May 1835, and that he, Pond, had tendered to refund to Dauchy the amount of the money he had paid on the agreement, which he refused to accept.

The defendant also offered to prove that in consequence of the extension of a canal in that vicinity, the land had risen, in 1836, fifty per cent. higher than it was, in 1835, when the defendant retook the possession.

To this evidence the plaintiff objected and the court rejected it, and sealed a bill of exception at the instance of defendant.

The court below was of opinion, that the plaintiff was entitled to recover, and in answer to several points propounded to them, so instructed the jury.

*Derrickson*, for plaintiff in error, cited *Mad. Chan.* 416; *Sug. Vend.* 147, 246; 16 *Serg. & Rawle* 210; 5 *Peters* 393; 7 *Watts* 223; 1 *Johns. Chan. Rep.* 370.

*Riddle*, *contra*, cited 7 *Watts* 318; *Sug. Vend.* 436; 3 *Watts* 125; 5 *Watts* 525; 7 *Watts* 257.

The opinion of the court was delivered by

ROGERS, J.—By the article of agreement, dated the 24th of June 1834, Pond agrees to convey to Dauchy the premises in dispute, and to give him the possession on the 1st of March ensuing. In consideration whereof Dauchy agrees to pay 1000 dollars, 100 dollars in hand, 400 dollars on the 1st of May ensuing the date, and 500 dollars in two years from the said 1st day of May. The article further provides, that if Dauchy should fail to make payment, as before mentioned, the agreement is to be null and void and of no effect. Dauchy took possession of the property and held it until some time about the 1st of May 1835, when having failed to make payment, Pond took possession. This ejectment, which is in the nature of a bill in equity to enforce the specific performance of the contract, was brought to the August term, 1836. The principal question arises on the construction of the agreement, whether time is not made the essence of the contract, and whether

[Dauchy v. Pond.]

it did not become void on the failure of the vendee to make the payment according to his stipulation. It was at one time seriously doubted whether time could be made of the essence of the contract; but that this can be done must now be conceded: so that in those cases where there is a default in payment at the day, without just cause, and without any waiver afterwards, a court of chancery will not interfere to help the party in default. Benedict *v.* Lynch, 1 *Johns. Chan. Rep.* 374; *Mad. Chan.* 416, 417; *Sug. Vend.* 416. That it was intended that time should be of the essence of the contract is apparent, from the agreement itself, and the conduct of both the parties to it, and in this particular the case bears a striking resemblance to Benedict *v.* Lynch, in which Chancellor Kent reviews all the authority and puts the principle on the strong ground of precedent, and reason. The purchaser, after having taken possession, failed to make payment, and it did not seem to occur to either, that any difficulty could be made, until there was a rise in the value of the land. After the return of Dauchy from the eastward, where he had been to endeavour to raise the means to enable him to comply with his engagements, he observed to one witness, that he had concluded to give up the bargain, to another, that he had been to New York to get money to pay for the land, and had been disappointed, and that it would be better to give it up. He told the same witness he had given it up, and loaned him 200 dollars of his money. He said to another, who applied to him for permission to pasture a cow on the land, that he had given up the land to Mr Pond, and could not let him have pasture. It appeared, also, that Dauchy had some stock on the land, which he took off soon after he came home, and after the conversation with the witness. After this, Pond took possession. If this testimony is entitled to credit, there can be but little doubt that Dauchy considered the contract at an end. But whether he thought so or not is immaterial, for whether the contract should be in force depended on Pond himself, and not on Dauchy, who was in default. The difficulty between the parties would seem to have been not as to the continued obligation of the contract, but whether Dauchy should be paid for his improvements, or whether he should be charged for the use of the land. But the act of taking possession after Dauchy's failure to comply with his agreement, was an unequivocal act, in disaffirmance of the contract Pond also evinced the same determination, by tender of the money which had been paid by Dauchy on the contract. It is said, without the shadow of proof, that Pond waived all objection to its non-performance, but every act of Pond is in opposition to this suggestion.

There was, also, error in rejecting the evidence of the value of the land. It gives the key to the subsequent conduct of Dauchy in insisting upon the specifice performance of the contract. In Irvine *v.* Bull, 7 *Watts* 323, it is held, that in an action on a contract for the purchase and sale of land, where the plaintiff seeks to

[Dauchy v. Pond.]

compel specific performance, evidence of the value of the land is pertinent to the issue. Equity will not permit a purchaser to lie by and speculate upon the rise in the value of the estate. And even if he has paid part of the purchase money, they will leave him to his remedy at law.

Judgment reversed and a *venire de novo* awarded.