## Axford, Appellant, *v.* Thomas et al.

*Sale—Installments of purchase money—Contract—Forfeiture.*

Three persons entered into a joint agreement to purchase a quarry. One of them was to advance the purchase money, the other two to repay him by monthly installments, in the meantime having the use of the land for quarrying. The agreement further provided: "In case the party of the second part, by neglect or refusal to pay the aforesaid monthly installments, becomes more than three months in arrears, then this agreement to become null and void, and the party of the second part to forfeit to the party of the first part all the amounts paid by them and relinquish all claims against the party of the first part." *Held,* that time was of the essence of the contract, and that a failure to pay any one of the monthly installments worked a forfeiture not only of the agreement but of the previous payment.

Argued Jan. 31, 1894. Appeal, No. 178, Jan. T., 1894, by plaintiff, George Axford, from judgment of C. P. Montgomery

Co., June T., 1892, No. 181, on verdict for defendants, Edward Thomas et al. Before GREEN, WILLIAMS, McCOLLUM, DEAN and FELL, JJ. Affirmed.

Assumpsit on estrepement bond. Before SWARTZ, P. J.

At the trial it appeared that plaintiff was the assignee of the rights of Furlong & Romig under an agreement in writing which was as follows : " This agreement made this —— day of April, 1890, between Edward Thomas, of Norristown, Penna., of the first part, and Andrew J. Furlong, of Norristown, Penna., and Charles S. Romig, of Jeffersonville, Penna., of the second part, witnesseth that the party of the first part agrees to purchase of the Norristown Land and Improvement Company three acres of land at the corner of Montgomery avenue and the Pennsylvania Schuylkill Valley Railroad for the sum of $1,350, the party of the second part to pay the party of the first part the sum of $50.00 at the time of signing this agreement and the balance of the amount of the purchase money, to wit, $1,300, to be paid by the party of the second part to the party of the first part in regular monthly installments of not less than $33.33 each month with interest at the rate of six per cent on the unpaid amount. When the whole amount of the purchase money has been paid by the party of the second part to the party of the first part, then the land is to be equally divided into three parts according to its value at that time, the party of the first part to retain one part and convey to the party of the second part a deed for the remaining two parts. In case party of the second part, by neglect or refusal to pay the aforesaid monthly installments, becomes more than three months in arrears, then this agreement to become null and void, and the party of the second part to forfeit to the party of the first part all the amounts paid by them and relinquish all claims against the party of the first part. The party of the second part to have the privilege of quarrying stone on the land as long as this agreement remains in force."

Plaintiff fell in arrears and, on April 9, 1891, defendants issued a writ of ejectment and procured a writ of estrepement. Plaintiff then stopped quarrying, and Thomas took possession and worked the quarry. Plaintiff was notified prior to the beginning of the ejectment that Thomas insisted on a forfeiture.

Plaintiff claimed that Thomas agreed to accept the payment of $154 on or before April 1st, and that on Feb. 25th plaintiff tendered to him $155.

Plaintiff's points were as follows:

"1. The agreement in this case is an agreement of sale and not a letting, and under it no relation of landlord or tenant arose. The possession of Axford of these premises was as owner and not as tenant. *Answer:* This is true, but if the plaintiff became more than three months in arrears in the monthly installments, then the agreement under its terms became null and void and the plaintiff forfeited all money paid and relinquished all claims against the defendant." [1]

"2. Under the terms of this agreement time was not of the essence of the contract, and no right of re-entry or of retaking possession arose in Thomas upon the mere default of Axford in the payment of any installment of the purchase money. *Answer:* This is true. It required a default in three installments before the plaintiff lost his right to the use of the quarry." [2]

"2. If the jury believe that Thomas agreed that he would accept the payment of the sum of $154 on or before the first of April, then the tender of $155 on Feb. 25th precluded any forfeiture under the terms of this agreement, and at the time of issuing this estrepement there was no right of possession in Thomas to warrant the issuing of the writ, and the plaintiff is entitled to recover such damages as you may find he has actually suffered. *Answer:* I affirm this point in submitting this case to you, but I reserve the question whether there is any evidence in this case to be submitted to the jury upon which the plaintiff is entitled to recover." [3]

Defendant's points were as follows:

"1. That the failure of Axford to pay the amount stipulated for the term of three months worked a forfeiture of the agreement unless the defendant waived his right thereunder." Affirmed. [4]

"2. That if the jury find that Axford failed to pay the sum of $33.33, with interest for three months, according to the terms of the agreement, it became void and all claims were relinquished by the plaintiff, and the jury must render a verdict for the defendant. *Answer:* This is true unless you find that there was an agreement to waive this stipulation of the contract." [5]

Verdict and judgment for defendants.

The court overruled a motion for a new trial, in an opinion in part as follows :

" The contract, in plain words, provides for a forfeiture of the money paid as well as a forfeiture of all rights under the agreement.   It is true, forfeitures are odious in law when they are unconscionable or work injustice, but where time is of the essence of the contract, equity will follow the law and will enforce a covenant of forfeiture as essential to do justice : Brown v. Vandegrift, 80 Pa. 142.   Parties may make time of the essence of the contract by an express agreement; if they do, the law will not make a new contract for them : Becker v. Smith, 59 Pa. 472 ; D'Arras v. Keyser, 26 Pa. 254 ; Dauchy v. Pond, 9 Watts, 49.   If a covenant of forfeiture can be sustained between a landlord and tenant, (Brown v. Vandegrift, supra,) how much more essential is such covenant to the contract now before us.   The plaintiff was operating the quarry ; the profits went into his pocket ; the defendant had no share in these profits.   Unless the defendant has some speedy remedy to protect himself, he may, without any compensation, lose his entire property.   The installments may remain unpaid, and all of value in the property may be carted away.

" According to the evidence, the plaintiff was paying for the land with the stone he was taking out of it.   The plaintiff had the advantage of securing a property without any ready money ; the defendant stepped in, advanced the means to buy, and no doubt the covenant of forfeiture was introduced as a corresponding advantage to the defendant.   The plaintiff had all to gain and nothing to lose.   If the quarry proved valueless, he could abandon the property and leave it on the hands of the defendant; if it proved profitable, he could pay for the property with the income from the quarry.   Time is material, and of the essence of the contract where the remedies are not mutual : Westerman v. Means, 12 Pa. 97.

" The plaintiff had the possession, and without the remedy by forfeiture the defendant was helpless.   He might bring suit for the monthly installments, but before a final recovery of the money, even if such recovery were possible, the property may be ruined or valueless.

" The defendant received seven of the monthly installments under the contract.   If the quarry was as profitable as indicated

by the plaintiff's evidence, then the forfeiture did not work any serious hardship.

" The defendant is an old man of eighty years, and if the plaintiff lost the benefits of a good bargain by neglecting and ignoring the rights of the defendant he has no one to blame but himself. The jury found that the defendant did not waive the forfeiture, and the plaintiff cannot truthfully say that he was injured by any act of the defendant.

" It is said the plaintiff was a vendee in possession, but he was in possession not to make improvements but to diminish the value of the property. He does not fall within the class of cases where forfeitures are inequitable because of the loss of valuable improvements. In Bodine v. Glading, 21 Pa. 50, the vendor was not required to convey after the expiration of the fifteen days fixed for the payment of the purchase money. The court said : ' Commercial transactions would be greatly embarrassed and the grossest injustice would be done if the people are prohibited from making their own contracts.' "

*Errors assigned* were (1–5) above instructions, quoting them.

*Henry Freedley, A. E. Longaker*, with him, for appellant, cited : Decamp v. Feay, 5 S. & R. 325 ; Solomon v. Wilson, 1 Whart. 244 ; D'Arras v. Keyser, 26 Pa. 254 ; Streeper v. Williams, 48 Pa. 454 ; Dagenham Dock Co., L. R. 8 Ch. Ap. 1022 ; Remington v. Irwin, 14 Pa. 145 ; Haverstick v. Gas Co., 29 Pa. 256 ; Sylvester v. Born, 132 Pa. 467.

*J. P. Hale Jenkins*, for appellees, cited : Hill v. Oliphant, 31 Pa. 364 ; Streeper v. Williams, 48 Pa. 454 ; Dauchy v. Pond, 9 Watts, 49 ; Becker v. Smith, 59 Pa. 472 ; Brown v. Vandegrift, 80 Pa. 142 ; Munroe v. Armstrong, 96 Pa. 310 ; Bellas v. Hays, 5 S. & R. 443 ; Rennyson v. Rozell, 106 Pa. 412 ; Sylvester v. Born, 132 Pa. 467 ; Westerman v. Means, 12 Pa. 97.

PER CURIAM, February 12, 1894 :

The learned court below left it to the jury to say whether there had been any waiver of the forfeiture contained in the agreement, and the jury found by their verdict that there was not. The clause of forfeiture was written in the plainest words.

A failure to pay the installments for a definite time of three months avoided the agreement by its express terms. It was the contract and therefore the law of the parties. Time was made of the essence of the contract and we cannot disregard that provision without making a new contract for the parties. The reasons given by the court below in the opinion on the motion for a new trial are sufficient to sustain the action of the court. Substantially for those reasons we think the judgment should be affirmed.

Judgment affirmed.