# M. F. Hipple, trading as M. F. Hipple & Co., v. William M. Laird, Appellant.

*Judgment—Opening judgment—Affidavit of defense.*

Where a judgment has been entered for want of an affidavit of defense, and an affidavit is thereafter filed, the court will not open the judgment if it appears upon an inspection of the affidavit that it is insufficient to prevent judgment.

*Broker—Real estate broker—Commissions.*

A real estate broker has earned his commission when he procures a party with whom his principal is satisfied, and who actually contracts in writing for the property at a price satisfactory to the owner, although the purchaser may afterwards attempt to avoid the contract of purchase.

Argued Nov. 10, 1898. Appeal, No. 204, Oct. T., 1898, by defendant, from order of C. P. No. 1, Allegheny Co., June T., 1898, No. 241, discharging rule to open judgment. Before GREEN, McCOLLUM, MITCHELL, DEAN and FELL, JJ. Affirmed.

Assumpsit to recover broker's commissions.

Rule to open judgment.

From the record it appeared that the defendant had inadvertently overlooked the service of summons upon him, and that judgment had been entered for want of an affidavit of defense. Subsequently he filed an affidavit of defense, and petitioned the court to open the judgment. On the rule to open the judgment, SLAGLE, P. J., filed the following opinion:

The claim in this case is for commission upon the sale of real estate, made by the plaintiff as agent, upon which judgment was entered in default of appearance and affidavit of defense. The application was promptly made, and the circumstances would justify the opening of the judgment if a good defense were shown. We think, however, that the plaintiff would be entitled to judgment on the affidavit as filed. The defendant admits that he "gave" plaintiff permission to sell said property for the price of $50,000, and if plaintiff should effect and consummate the sale thereof, he, the defendant, would allow him a commission of two per cent out of the proceeds of the sale thereof. He does not deny that the plaintiff did procure a person, to wit: Henry S. Stewart, who was willing to exchange lands held by him for the lot belonging to the defendant, and admits that he entered into a written agreement with Stewart for the purchase of the same for which he gave his check to Hipple for $500; that the next day Stewart requested defendant to release him from the agreement, and on defendant's refusal Stewart stopped payment on the check. Upon this statement of the facts it is clear that the plaintiff had performed his part of the contract, and that it is still within the power of the defendant to enforce his agreement with Stewart, which upon argument it was alleged, and not denied, that he is attempting to do by action now pending against Stewart: Keys v. Johnson, 68 Pa. 42; Creveling v. Wood & Leman, 95 Pa. 152; Sweeney v. Ten Mile Oil & Gas Co., 130 Pa. 193.

The motion is therefore refused.

*Error assigned* was the order of the court.

*R. P. Lewis*, for appellant, cited Keys v. Johnson, 68 Pa. 42.

*Hugh S. Craig*, for appellee, was not heard.

PER CURIAM, January 3, 1899:

The learned judge of the court below refused to open the judgment in this case because he did not consider the affidavit of defense sufficient to prevent judgment. That was a very good reason for refusing to open the judgment. Upon exam-

ining the affidavit we find that it was insufficient to prevent judgment for the very reasons stated in the opinion of the court. That being so, there was no error in the refusal of the court to open the judgment.