Sork, Appellant, *v.* Rand.

Argued April 29, 1966. Before MUSMANNO, JONES, COHEN, EAGEN, O'BRIEN and ROBERTS, JJ.

*Harry R. Kozart,* with him *Weissman & Kozart,* for appellant.

*Joseph D. Shein,* for appellees.

OPINION BY MR. JUSTICE JONES, September 27, 1966:

J. Morton Sork (Sork), a licensed real estate broker, instituted an assumpsit action in Court of Common Pleas No. 2 of Philadelphia County against Jacob H. Rand and Nettie Rand,[1] husband and wife and owners of two parcels of real estate, to recover a broker's commissions on the attempted sale of both properties. The case was tried before Judge CHARLES A. WATERS, sitting without a jury, who found in favor of Nettie Rand and against Sork. Sork filed exceptions to the trial judge's finding. The exceptions were dismissed by the court en banc on September 16, 1965.[2] From the entry of judgment, Sork has appealed to this Court.

Although Sork in his reply brief, did express disagreement with other portions of the lower court's recital of the facts in its opinion, Sork did not object to the following: "Two pieces of real estate are involved, both apartment houses, and both were owned by Mr. and Mrs. Rand, the original defendants. One is located at 6628 North Eighth Street, in Philadelphia; the other at 6644 North Eighth Street. On December 2, 1960, the Rands signed a so-called standard sales agency contract engaging Victor J. Zaro, a salesman in the employ of Sork, to procure a purchaser for 6628 North Eighth Street, at the suggested price of $225,000, and agreeing to pay a commission of 5% of the selling

---

[1] Jacob H. Rand died subsequent to institution of suit but prior to trial. At trial, Sork, discovering that no one had qualified as personal representative for Jacob Rand, moved to discontinue the action against him and to proceed solely against the surviving wife, Nettie Rand. The lower court's opinion of March 22, 1966, indicates that Sork's motion was granted.

[2] Although the exceptions were dismissed on September 16, 1965, the lower court did not file an opinion until March 22, 1966.

price. Sork produced a prospective purchaser, Edward A. Garabedian, and by [a written] agreement dated February 14, 1961, the Rands agreed to sell 6628 North Eighth Street to Garabedian, and Garabedian agreed to buy, for a total consideration of $220,000. The agreement named J. M. Sork and the Priestman Co. and V. J. Zaro as agent, and contained a provision that the agent's commission was to be 5% if title passed, and in case of default, was to be one-half of the amount deposited."

Typed into the form agreement of sale were, inter alia, these conditions: *"If title passes the agent's commission is 5%, in case of default, agent's commission is one half of the amount deposited."* (Emphasis added).

*"This agreement is contingent on the sale of 6644 N. 8th St., Phila. within 90 days from owners' approval of this agreement. If sale of 6644 N. 8th St. is not effected within this period, this agreement shall become null and void and deposits returned to the buyer. The Buyer of 6644 N. 8th St. Phila. must put up a 10% deposit in said Sale."* (Emphasis added).

The agreement further provided that "the buyer of 6628 N. 8 St. must have a reasonable credit standing". Edward A. Garabedian, the buyer, designated as his nominees his wife, Kathryn, and his mother, Florence Garabedian.

On February 14, 1961, Sork obtained a sales agency contract from the Rands to find a purchaser for 6644 North Eighth Street. In a written agreement of sale dated April 5, 1961, Edward A. Garabedian with his same nominees, agreed also to buy the property at 6644 North 8th St., Philadelphia.[3] However, the Rands refused to sign or to approve this proposed agreement of

---

[3] On February 16, 1961, Sork had submitted an agreement of sale to the Rands, signed by Edward A. Garabedian, which was rejected by the Rands because the terms of said agreement did not conform to those fixed by the agency contract.

sale because of their advance notice to Sork by way of a certified letter dated March 11, 1961,—return receipt requested—that they were withdrawing immediately 6628 North Eighth Street from sale and that they no longer wished to sell 6644 North Eighth Street.

"6628 N. Eighth Street,
Philadelphia, 26, Pa.
March 11, 1961.

Mr. J. M. Sork and
Mr. Victor J. Zaro,
5736 Greene Street,
Philadelphia 44, Pa.

Re: 6628 & 6644 N. Eighth St., Phila.

Dear Messrs. Sork and Zaro:

Our bank adviser does not consider Mr. Edward Garabedian, his wife, Katherina and/or his mother Florence acceptable credit risks, *so we will not proceed with the sale of any of our property to them.* (Emphasis added).

Please be advised that effective immediately, we are withdrawing our property at 6628 N. Eighth St., Philadelphia, from sale.

*Moreover, please consider this as notice that upon the expiration of our agency agreement (dated February 14, 1961) on May 14, 1961, your sole and exclusive agency to sell our property at 6644 N. Eighth St., Philadelphia, will be terminated and this latter property will also be withdrawn from sale.* (Emphasis added).

Very truly yours,
/s/ Jacob H. Rand
/s/ Nettie Rand"

We believe that the above outlines the events which lead to the following conclusions: (1) The sale of 6644 N. Eighth Street was a pre-condition to the sale of 6628 North Eighth Street; (2) the Rands, the sellers, notified Sork *before* the Rands had authorized or signed any binding agreement of sale for 6644 North Eighth

Street, that they had changed their minds and no longer wished to sell 6644 North Eighth Street; (3) having exercised their discretion[4] not to sell 6644 North Eighth Street at all, the Rands were correct in insisting that the previously valid agreement of sale of 6628 North Eighth Street became null and void by its own terms; (4) the Rands, no longer bound by any agreement of sale,[5] could rightfully refuse Sork any commission because his right thereto was predicated on the passing of title.

Sork has assiduously argued in his original and reply brief that the crucial issue in this case is whether or not the Garabedians had "a reasonable credit standing". Sork asserts that, if this Court believes that they did have such "standing", then Sork produced a buyer who was ready, willing and able to meet the sellers' terms but who was refused the chance due to the Rands' wrongful refusal to accept their credit. Consequently, Sork is entitled to his commissions. See: *Connell v. Avon Garage Company*, 391 Pa. 189, 193-195, 137 A. 2d 765, 767, 768 (1958).

However, this line of argument fails to recognize that "a reasonable credit standing" was only *one* of several pre-conditions to be met to make binding the February 14, 1961, agreement of sale of 6628 North Eighth Street. If *any one* of the contingencies failed, which, as we discussed above did occur when the Rands refused to sell 6644 North Eighth Street, then the entire agreement failed and with it Sork's right to a commission. The injustice that Sork complains of derives from the agreement of sale of 6628 North Eighth Street itself. In that agreement, the sellers were al-

---

[4] The February 14, 1961, agreement to sell 6628 North Eighth Street in no way committed the Rands to sell 6644 North Eighth Street.

[5] In fact, no sale of either property took place to any one else.

lowed to state that, in order for it to be binding, a *second* piece of real estate had to be sold. Most importantly, there was no provision in the first agreement that prohibited the Rands from withdrawing the second property from sale. Both of Sork's commissions were predicated on the continuing desire of the Rands to sell 6644 North Eighth Street.[6]

No sale of 6644 North Eighth Street having taken place, we are left with two offers for two pieces of property by the same would-be purchaser who was indisputably procured by Sork. There being no restriction on the Rands' power to refuse to sell their second piece of property, 6644 North Eighth Street for *any reason* and there being no allegation or proof of the Rands' bad faith in so doing (see *Axilbund v. McAllister,* 407 Pa. 46, 180 A. 2d 244 (1962)), we hold that Sork has failed to establish a necessary, agreed upon contingency for his receipt of commissions—a binding agreement of sale for 6644 North Eighth Street. "There is a well settled rule that a real estate broker's right to a commission accrues as soon as he presents a purchaser ready, willing and able to purchase the property upon the agreed terms: Keys v. Johnson, 68 Pa. 42; Sweeney v. Oil and Gas Co., 130 Pa. 193, 18 A. 612. It is also equally well established that if there exists an expressed agreement between the parties that the broker shall not be entitled to any commission until a stipulated condition has been fulfilled, the broker has no claim against the vendor for compensation until that condition has been performed: Clark et al. v. Provident Trust Company of Philadelphia, Trustee et al., 329 Pa. 421, 198 A. 36; Shapira v. Union Trust Co., 306 Pa. 35, 158 A. 564.": *Freiwald v. Fidelity Inter-*

---

[6] The commission on 6644 North Eighth Street must fail because Sork ignored the Rands' letter stating that they no longer wished to sell that property and tried to bind the Garabedians to an agreement of sale anyway.

518

*state Casualty Co.,* 185 Pa. Superior Ct. 190, 193, 138 A. 2d 146, 148 (1958).

As for Sork's other contention, we accept the declaration of Judge WATERS—without condoning what took place—that the post-trial activities of his law-clerk had no bearing whatsoever on the outcome of the lower court's decision.

Judgment affirmed.

Mr. Justice ROBERTS dissents.