■ Vincent J. Aiello et al., Appellants, v. B.E.P.R.A., Inc., et al., Respondents.— In an action to recover a brokerage commission, plaintiffs appeal from (1) an order of the Supreme Court, Suffolk County, entered June 24, 1971, which granted defendants' motion for summary judgment, and (2) a judgment of the same court entered the same day, upon said order, in favor of defendants. Order and judgment reversed, on the law, with $20 costs and disbursements, and motion denied. In our opinion, there are triable issues of fact presented which preclude the granting of summary judgment (CPLR 3212, subd. [b]; Haeger v. Slote, 22 A D 2d 826). The "Sales Memorandum" executed between the seller and the proposed buyer provided, inter alia: "This sale is subject to a satisfactory contract and inspection of the present owners' books. This sale is also subject to Purchaser's attorney's approval." With respect to the "inspection of the present owners' books" it appears that the inspection was made by the proposed buyer's accountant, that the books were satisfactory and that the buyer was ready to proceed on the terms set forth in the "Sales Memorandum". As to the "satisfactory contract" provision, it is clear that no formal contract was entered into. However, "even where the broker and seller expressly provide that there shall be no right to a commission unless some condition is fulfilled, and the condition is not performed,

the seller will nevertheless be liable if he is responsible for the failure to perform the condition" (*Lane-Real Estate Dept. Store* v. *Lawlet Corp.*, 28 N Y 2d 36, 43, mot. to amd. remittitur den. 29 N Y 2d' 552). In the instant case an issue of fact is presented as to whether the vendor was responsible for the failure to execute a formal contract, since it appears that the vendor wanted more cash at the closing or was seeking to raise the price. With respect to the third condition, regarding approval by the vendee's attorney of the sale, there exist issues of fact as to what the parties intended by the provision. It is not clear, without extrinsic proof, whether the vendor's liability for the commission was conditioned upon the closing of a contract of sale (cf. *Levy* v. *Lacey*, 22 N Y 2d 271, 274) or whether the terms were already arranged (cf. *Kaelin* v. *Warner*, 27 N Y 2d 352) and all that remained was the formality of a binding contract between vendor and vendee. Martuscello, Acting P. J., Shapiro, Brennan and Benjamin, JJ., concur.