28586. R & R INSURERS & BUILDERS, INC. v. FINK.

GUNTER, Justice.

The purchaser-appellant brought an action below for specific performance of a contract for the sale of realty against the seller-appellee. The trial court granted a motion for summary judgment in favor of the seller, and the purchaser has appealed from that judgment.

The summary judgment evidence was as follows: The contract for sale of realty was dated November 9, 1972, provided for closing the transaction on or before February 15, 1973, and Special Stipulation Number Five was "This contract shall be contingent upon the purchaser being able to secure an acquisition and development loan, forty-five days from date." The contract further provided that no modification of the contract would be binding unless attached to the contract and signed by all parties to the agreement. The contract provided for payment of cash at closing at a price of five thousand two hundred fifty dollars per acre. On December 28, 1972, the seller through his agent notified the purchaser by letter that "Since the conditions set forth in this contract have not been met it is his (seller's) desire that the contract be declared null and void. This property is still available and we will be glad to work with you on it. The price is firm at five thousand five hundred dollars per acre. We are indeed sorry that we were unable to consummate this deal." On January 11, 1973, seller's agent wrote purchaser that "Inasmuch as you have an application for commitment working and should have an answer by Friday, January 19, 1973, he (seller) is willing to wait until that time." On January 26, 1973, purchaser wrote seller's agent a letter in which he said: "I am enclosing a copy of letter of commitment from I. D. S. for an A & D Loan for the above-referenced property." The copy of the enclosed letter from I. D. S. stated: "This letter does not in itself constitute a commitment however our formal commitment in writing should follow as soon as proper signatures have been obtained." On January 30, 1973, seller's agent wrote purchaser: "In reply to your letter of January 26, 1973, regarding subject property, if

you remember Mr. Fink's commitment expired on Friday, January 19, 1973. I called you on Monday, January 22, 1973, around 2:00 p.m. and asked if you had any information. You advised that you would check on it and call me back within the next fifteen minutes, consequently, I waited at the office until 5:30 p.m. Without having received this call from you, I assumed that you had no helpful information at that time, so accordingly we have accepted another offer." An affidavit of purchaser stated: "As President of R & R Insurers and Builders, Inc., I applied for and received an acquisition and development loan from I. D. S. Mortgage Corporation in the amount of seven hundred fifty thousand dollars." It is to be noted that this affidavit does not state whether a commitment for the loan was obtained before or after February 15, 1973. The purchaser's affidavit also stated that the purchaser "stood ready, willing and able to close the aforestated transaction on or before the date specified by the contract and the sole reason it did not close as per contract was due to the refusal of the defendant herein to honor the contract." The summary judgment evidence in the record does not show when an acquisition and development loan was obtained by purchaser.

Special Stipulation Five of the contract provided that the acquisition and development loan was to be obtained by the buyer within forty-five days of the date of the contract even though the closing of the transaction was not to take place until February 15, 1973, a considerable length of time after the expiration of the specified forty-five day period for obtaining the loan. It is clear from the summary judgment evidence that the loan was not obtained within the forty-five day period, and we think that the December 28 letter, written after the expiration of the forty-five day period, was adequate notice of cancellation of the contract for failure to comply with the contract. And the subsequent correspondence between the parties and the affidavits filed by the parties do not show that such a loan was obtained on or before the specified closing date, February 15, 1973.

This case is distinguishable on its facts from *Deal v. Dixon,* 231 Ga. 366 (202 SE2d 41). In this case the loan was to be obtained by the purchaser within forty-five days

from the date of the contract. This forty-five day period expired on December 24, 1972. The contract provided that the transaction was to be closed on or before February 15, 1973. The summary judgment evidence shows that at no time between December 24, 1972, and February 15, 1973, did the purchaser "waive" the provision about procuring the loan. To the contrary, the evidence indicates that subsequent to December 24, 1972, the purchaser was still attempting to procure the loan. Also, the evidence indicates that no "tender of cash" was made to the seller on or before the closing date, February 15, 1973.

We conclude that the award of summary judgment in favor of the seller was correct.

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 15, 1974 — DECIDED APRIL 23, 1974.

*Gray & Nelson, Donald O. Nelson,* for appellant.
*Sanders, Hester, Holley, Askin & Dye, J. Carlisle Overstreet, Glenn B. Hester, John J. Czura,* for appellee.