■ ELVA GOSS, Appellant, v. H. CALVIN WHITMORE et al., Respondents.— Appeal from a judgment of the Supreme Court, entered December 10, 1973 in Delaware County, upon a decision of the court at a Trial Term, without a jury, dismissing the complaint. Prior to June 5, 1971, the plaintiff, a real estate broker, entered into a written agreement with the defendants for an open listing for the sale of their property in the Town of Meredith, Delaware County, State of New York. According to the testimony of the opposing parties at the trial, it was understood after their first meeting when the broker was employed that her commission would be paid from the proceeds of the sale at the time of closing. Thereafter, on June 5, 1971, the plaintiff produced prospective buyers for the subject property and an agreement of sale was duly executed, subject to the buyers' obtaining adequate financing and selling property they then owned. When financing proved to be unavailable, however, the proposed deal was canceled and the plaintiff then instituted this action to recover her commission which had not been paid. On this appeal, the sole question presented is whether the plaintiff is entitled to receive her commission even though the prospective buyers declined to complete the purchase, and we hold that the trial court correctly denied recovery and dismissed the complaint. The record amply supports the conclusion that the prospective buyers made a good faith effort to obtain financing which proved to be unavailable to them. Furthermore, there is no indication that the defendants in any way hindered or prevented performance of the contract. Such being the case, it is well settled that, where payment of the commission is to be made on the closing of title and the closing never occurs, the promise to pay is upon a condition which has not been fulfilled and payment may not be expected (*Amies* v. *Wesnofske,* 255 N. Y. 156; *Silhouette Realty* v. *Welson,* 24 A D 2d 212). Judgment affirmed, with costs. Staley, Jr., J. P., Sweeney, Kane, Main and Reynolds, JJ., concur.