■ MADELEINE F. MULVIHILL, Doing Business as MULVIHILL REAL ESTATE, Appellant, v. CHARLES DI PRIMA et al., Respondents.— In an action to recover a broker's commission, plaintiff appeals from an order of the Supreme Court, Dutchess County, dated April 22, 1974, which (1) granted defendants' motion for summary judgment and (2) denied plaintiff's cross motion for summary judgment. Order modified, on the law, by striking therefrom the first decretal paragraph, which granted defendants' motion, and substituting therefor a provision denying said motion. As so modified, order affirmed, without costs. In our opinion there are factual issues which require resolution by trial. The plaintiff broker procured purchasers who, together with defendants, as sellers, and plaintiff, signed a binder agreement on October 21, 1972. The binder agreement described the property, fixed the purchase price at $31,000, acknowledged a deposit of $100 and provided for further payments of $3,000 at the signing of contract on November 6, 1972, and the balance of $27,900 at the closing. It also provided that the agreement was "conditional upon the purchaser obtaining a mortgage from a lending institution in the amount of $21,000 at 7½% Pok Sav. [sic]. If such a mortgage is not obtainable after purchaser making diligent effort to obtain same, then this agreement shall become null and void and the seller shall return the monies paid by the purchaser." Subsequently, the sellers and purchasers executed a formal contract. It provided that it was conditioned upon the purchasers' securing a commitment for a $25,000 conventional mortgage. In the event of failure to secure such a commitment, through no fault of their own, the purchasers were given the option to terminate the agreement. The purchasers procured a mortgage commitment for $24,300 from one lending institution, refused to apply elsewhere and elected to terminate the contract despite an offer by defendants to waive the $700 differential. Defendants have retained the $3,100 down payment and have not sought specific performance of the contract. Fact issues exist as to what part, if any, plaintiff played in the change of the terms of the binder agreement and also, since the form of the binder agreement supplied by plaintiff provided for the execution of a formal contract, whether it was intended that the terms of the formal contract were to control the obligation to pay a commission. Generally, a broker has earned his commission if he produced a purchaser who entered into an enforceable contract of sale with the seller (Jacobs, Real Estate Brokers, pp. 77–78). There was nothing here to indicate the commission was payable only if and when title passed. In any event, when a contract is conditional, the broker is entitled to his commission only when the condition is fulfilled. Here, the condition contained in the binder agreement, which contained the essential terms of sale and was signed by all the parties, was fulfilled. However, that may not have been enough. It depends upon resolution of the fact

issues noted above, which can only be reached by a trial. Martuscello, Acting P. J., Latham, Benjamin, Munder and Shapiro, JJ., concur.