Shumaker *v.* Lear et al., Appellants.

510

Argued June 16, 1975. Before WATKINS, P. J., JACOBS, HOFFMAN, CERCONE, PRICE, VAN DER VOORT, and SPAETH, JJ.

*Robert H. Reese, Jr.*, with him *John W. Beyer*, and *Arnold, Bricker, Beyer & Barnes*, for appellants.

*Lawrence E. Stengel*, and *Rengier, Musser & Stengel*, submitted a brief for appellee.

OPINION BY JACOBS, J., September 22, 1975 :

This is an action brought by a licensed real estate broker to recover a sales commission. Judgment on the pleadings[1] was entered in favor of the appellee [hereinafter broker] and against the appellants [hereinafter sellers].

The facts[2] reveal that the sellers and the broker entered into an exclusive listing agreement for the sale of their house at a price of $41,900.00. Under the terms of

---

1. Pa.R.C.P. 1034.

2. In ruling on a motion for judgment on the pleadings the court must consider as true all well pleaded averments of the party against whom the motion is granted and consider against him only those facts which he specifically admits. *Bata v. Central-Penn Nat'l Bank*, 423 Pa. 373, 224 A.2d 174 (1966), *cert. denied*, 386 U.S. 1007 (1967).

the listing agreement the sellers employed the broker as their "sole and exclusive agent for the sale of the property at the price and for the terms above mentioned or at any other price or terms which may be mutually agreed upon in writing . . . ," and the sellers agreed to pay a commission of six percent of the total selling price.[3]

The broker procured a prospective purchaser at a price of $40,000.00 and on May 19, 1973, the sellers and the purchaser entered into an agreement of sale. The agreement of sale, however, was expressly subject to the buyer's securing an approved mortgage of specified amount and terms. "Mortgage committment [sic] to be arranged by June 10, 1973. If this cannot be arranged these agreements become null & void and down payment returned to the buyer in full."[4] It is the effect of this clause which forms the focus of the case before us.

The buyer failed to obtain his mortgage by June 10th, the specified date. On June 19th the sellers notified the purchaser and the broker that due to the purchaser's failure to obtain a mortgage commitment the sellers were electing to terminate the agreement. The broker subsequently notified the sellers that settlement would proceed as planned on June 28, 1973. When the sellers failed to proceed to settlement the broker brought this action for his commission. The court below granted judgment on the pleadings in the amount of $2,400.00 plus interest and this appeal followed.

As a general rule a real estate broker becomes entitled to his commission when he procures a purchaser who is ready, willing and able to buy upon the agreed terms. *Keys v. Johnson*, 68 Pa. 42 (1871). When the broker completes this task his commission has accrued, *Walsh v. Turlick*, 164 Conn. 75, 316 A.2d 759 (1972), and as to the broker the sale is treated as constructively con-

---

3.  Listing Agreement, Printed Record at 9a.

4.  Agreement of Sale, Printed Record at 11a.

summated. *Ar-Con Building Specialties, Inc. v. Famco, Inc.,* 480 F.2d 162 (5th Cir. 1973). Additionally, if the vendor accepts the purchaser procured by the broker or if the vendor enters into a binding and enforceable agreement of sale, the broker's commission has been earned without reference to the outcome of the transaction. *Lieberman v. Colahan,* 267 Pa. 102, 110 A. 246 (1920) ; *M. F. Hipple & Co. v. Laird,* 189 Pa. 472, 42 A. 46 (1899) ; *White Realty and Ins. Agency Co. v. Moreland,* 215 Pa. Superior Ct. 423, 259 A.2d 461, *allocatur refused,* 215 Pa. Superior Ct. *xxxvi* (1969). Having accepted the buyer, the owner will be estopped from later objecting to the buyer's ability to complete the transaction on the settlement date. *E.g., Western Pride Builders, Inc. v. Zicha,* 23 Ill. App. 3d 770, 320 N.E.2d 181 (1974).

The general rule, of course, can be changed by contract. If the parties express their intention to make the commission contingent or conditional, such as by requiring an actual sale, *Cushman & Wakefield, Inc. v. Dollar Land Corp. Ltd. (U.S.),* 44 A.D.2d 445, 355 N.Y.S.2d 409 (1974), the broker does not earn his commission until the condition or contingency has been satisfied. *Sork v. Rand,* 422 Pa. 512, 222 A.2d 890 (1966) ; *Enerdyne Corp. v. Wm. Lyon Dev. Co., Inc.,* 488 F.2d 1237 (10th Cir. 1973). In the case before us the brokerage agreement, prepared by the broker, does not declare the commission to be contingent or conditional and, thus, the general rule remains applicable.[5]

---

5. We are not unmindful of judicial sensitivity towards imposition upon members of the public by persons, who through experience, economic strength or monopolization, are able to exercise unfair advantage. *See Phillips Home Furnishings, Inc. v. Continental Bank,* 231 Pa. Superior Ct. 174, 331 A.2d 840 (1974). The Supreme Court of New Jersey has found the general rule of brokerage commissions to be "deficient as an instrument of justice" and has declared that a broker's commission is contingent upon actual purchase by the buyer unless the failure to complete the transaction is occasioned by fault of the vendor. *Ellsworth Dobbs,*

The general rule which accrues the broker's commission when a purchaser enters into contract with the seller, however, requires a binding and enforceable contract. When the contract is conditional, the broker earns his commission only when the condition is fulfilled. *Mulvihill v. DiPrima,* 47 A.D.2d 560, 363 N.Y.S. 2d 629 (1975). The requirement of mortgage financing in this case was clearly a condition precedent to the purchaser's obligation to perform, *Robert F. Felte, Inc. v. White,* 451 Pa. 137, 302 A.2d 347 (1973), and if the sale had not proceeded because of the buyer's inability to obtain financing, the broker would not be entitled to his commission. *Goss v. Whitmore,* 46 A.D.2d 949, 362 N.Y.S. 2d 76 (1974).

The broker contends, however, that the condition precedent would have been met but for the wrongful act of the sellers in terminating the contract. This is so, he reasons, because time was not of the essence in obtaining the mortgage; and the mortgage could and would have been obtained prior to settlement.[6] It is well settled that a principal cannot assert the failure of a condition precedent to defeat his broker's right to a commission when

---

*Inc. v. Johnson,* 50 N.J. 528, 547, 236 A.2d 843, 853 (1967). This has long been the law of Maryland. *Keener v. Harrod,* 2 Md. 63, 56 Am. Dec. 706 (1852). *See also Potter v. Ridge Realty Corp.,* 28 Conn. Super. 304, 259 A.2d 758 (1969); *Rogers v. Hendrix,* 92 Ida. 141, 438 P.2d 653 (1968); *Setser v. Commonwealth, Inc.,* 256 Ore. 11, 470 P.2d 142 (1970); *Staab v. Messier,* 128 Vt. 380, 264 A.2d 790 (1970). Because of the facts in the instant case, we do not reach the public policy questions presented in *Ellsworth Dobbs, Inc. v. Johnson,* supra.

6. The broker alleges that a mortgage satisfying the terms of the subject to financing clause was in fact obtained on June 19, nine days after the June 10 deadline and the same day on which the appellants terminated the agreement. Our scope of review, however, prohibits us from considering this allegation because it was specifically denied by the party against whom judgment was entered. As will be seen, however, it is not material to our holding whether or not the mortgage was ever obtained.

the principal himself has prevented the fulfillment of the condition. *Aiello v. B.E.P.R.A. Inc.,* 39 A.D.2d 541, 331 N.Y.S.2d 924 (1972) ; *see* 10 *Williston on Contracts* §1287 (3d ed. 1967) ; Restatement (Second) of Agency §445, comment d (1958). If the sellers in the case before us wrongfully prevented the occurrence of the financing condition they nevertheless would remain liable for the broker's commission. *W. C. Pinkard & Co., Inc. v. Castlewood Realty Co., Inc.,* 271 Md. 598, 319 A.2d 123 (1974) ; *see* 3A *Corbin on Contracts* §768 (1960) ; *but cf. Sork v. Rand,* supra. We conclude, however, that the parties intended time to be of the essence in the subject to financing clause and that the appellants, therefore, did not wrongfully prevent the fulfillment of any condition precedent.

Ordinarily, time is not regarded as of the essence of contracts for the sale of real property. *Knable v. Bradley,* 430 Pa. 153, 242 A.2d 224 (1968). However, time may be expressly stipulated to be of the essence, or it may be necessarily so implied. *Carsek Corp. v. Stephen Schifter, Inc.,* 431 Pa. 550, 246 A.2d 365 (1968). In the case before us the financing clause clearly states, *inter alia*:

> "Mortgage committment [sic] to be arranged by June 10, 1973. If this cannot be arranged these agreements become null & void and down payment to be returned to the buyer in full."[7]

In *Dauchy v. Pond,* 9 Watts 49 (Pa. 1839), the Court held that the use of the phrase "null and void and of no effect" necessarily implied that time was of the essence. "That it was intended that time should be of the essence of the contract is apparent, from the agreement itself, and the conduct of both the parties to it. . . ." *Id.* at 51. The agreement of sale in *Axford v. Thomas,* 160 Pa. 8, 28 A. 443 (1894) stated that it would "become null and void" if payments were not made as specified. The Court stated:

---

7.  Agreement of Sale, supra n.4.

"[t]ime was made of the essence of the contract and we cannot disregard that provision without making a new contract for the parties." *Id.* at 13, 28 A. at 444.

A mortgage financing clause is "an important condition in a written agreement of sale [which] must be given effect unless altered by the parties or specifically waived . . . ," *Robert F. Felte, Inc. v. White,* supra at 145, 302 A.2d at 351, and when the words of a writing are clear and unambiguous, the intent of the parties is determined only from the express language of the agreement. *East Crossroads Center, Inc. v. Mellon-Stuart Co.,* 416 Pa. 229, 205 A.2d 865 (1965). We conclude that the use of the proviso declaring the contract "null and void" if the mortgage arrangements were not completed by June 10 is a sufficient expression of the intent of the parties to make the June 10 date the essence of the contract. *See R & R Insurance & Builders, Inc. v. Fink,* 232 Ga. 165, 205 S.E.2d 297 (1974) (contract "contingent" upon purchaser being able to secure financing within 45 days) ; *cf. Brackin v. Welton Engineering Co.,* 283 Pa. 91, 128 A. 818 (1925) ; *Vito v. Birkel,* 209 Pa. 206, 58 A. 127 (1904).

It follows both in law and logic that if the parties intended time to be of the essence of the contract, the sellers rightfully could act to rescind the contract when the purchasers were unable to meet the condition. *Sork v. Rand,* supra; *Wasserman v. Steinman,* 304 Pa. 150, 155 A. 302 (1931).; *Enerdyne Corp. v. Wm. Lyon Dev. Co.,* supra (a contracting party may repudiate his performance if a condition precedent to that performance cannot be satisfied).

The broker's right to a commission remained contingent upon fulfillment of the condition precedent,[8] and

8. The sellers and the purchaser entered into a contract conditioned upon the purchaser's obtaining financing by June 10, 1973. Until the purchaser obtained sufficient financing he was not the ready, willing and able buyer whom the broker agreed to

the condition was not fulfilled. The sellers having acted in good faith and having done nothing to prevent the fulfillment of the condition, the broker is not entitled to recover his commission. *White Realty & Ins. Agency Co. v. Moreland,* supra; *Business Realty Co. v. Schaffer,* 99 Pa. Superior Ct. 175, *allocatur refused,* 99 Pa. Superior Ct. *xxvii* (1930); *Weaver v. Fairbanks,* 10 Wash. App. 688, 519 P.2d 1403 (1974); *see Baumbach v. Seip,* 442 Pa. 443, 275 A.2d 71 (1971); *cf. Robert F. Felte, Inc. v. White,* supra.

Judgment reversed; the court is directed to enter judgment on the pleadings in favor of the appellants. *Commonwealth v. Transamerica Ins. Co.,* 462 Pa. 280, 341 A.2d 74 (1975).

HOFFMAN, J., did not participate in the decision of this case.

---

procure. "A purchaser without the ability to finance the purchase is no purchaser at all. Where the only available source from which the greater part of the money is to come . . . [is] . . . in the ownership and possession of a third person . . . such a purchaser cannot be considered one able to buy the principal's property." *Winkelman v. Allen,* 214 Kan. 22, 31, 519 P.2d 1377, 1385 (1974). "[W]here the purchaser relies primarily . . . upon the proceeds of a contemplated loan . . . he is financially able to buy *only* if he has a *definite and binding commitment* from such third-party loaner." *Shell Oil Co. v. Kapler,* 235 Minn. 292, 299, 50 N.W.2d 707, 713 (1951) (emphasis original). *See Potter v. Ridge Realty Corp.,* 28 Conn. Super. 304, 259 A.2d 758 (1969). Therefore, the broker's commission remained conditioned upon the buyer becoming able to purchase by June 10th. *Sork v. Rand,* 422 Pa. 512, 222 A.2d 890 (1966); *White Realty and Ins. Agency Co. v. Moreland,* 215 Pa. Superior Ct. 423, 259 A.2d 461, *allocatur refused,* 215 Pa. Superior Ct. *xxxvi* (1969).