**Sommers v. Stork**

*Mitchell A. Sommers,* for plaintiff.
*Joseph G. Muzic,* for defendant.

ALLISON, *J.,* December 31, 1992—Presently before the court is defendant's motion for judgment on the pleadings.

This case involves a dispute between the mayor and city treasurer in which the city treasurer is suing the mayor for defamation and related damages. The incident giving rise to this dispute revolves around an innocuous $6 parking ticket that was supposedly paid by one of our good citizens but apparently was misplaced or stolen before it reached the coffers of the city treasurer's office. Precisely what occurred is described below.

On February 2, 1992, a resident of the city of Lancaster wrote a letter to defendant Mayor Stork complaining she paid a parking ticket fine of $6 but the city treasurer's office apparently never received the money and subsequently imposed an $11 fine on her for failure to pay the original ticket.

On February 7, 1992 Mayor Stork corresponded with the citizen apologizing for the incident and within this letter wrote the following sentence: "I believe you paid your ticket, however, the temptation of the cash was too much for the person who received your payment."[1] The plaintiff took exception to this statement and immediately filed suit against the defendant alleging that the above statement was defamatory to his person.

Defendant's motion for summary judgment is predicated upon two legal theories. The first is that defendant as mayor of the city of Lancaster is exempted by the doctrine of absolute privilege from all civil suits for damages arising out of alleged defamatory statements as such statements were made in the course of her authority and within her jurisdiction. The second argument is based upon the seminal defamation case of *New York Times Co. v. Sullivan*, 376 U.S. 254, 84 S.Ct. 710, 11 L.Ed.2d 686. (1964).[2]

---

1. Plaintiff's complaint, paragraph 8.

2. In *New York Times v. Sullivan*, the U.S. Supreme Court reversed a state court ruling awarding damages to the plaintiff based upon the jury's finding that a paid advertisement in the newspaper indirectly

Defendant alleges that the message which contained the disputed statement was vague and not specific enough to implicate the plaintiff as the one who allegedly pilfered the money.

In evaluating a motion for judgment on the pleadings the following standard is to be employed. The trial court may consider only the pleadings themselves and any documents properly attached. *Hammermill Paper Co. v. Rust Engineering Co.,* 430 Pa. 365, 243 A.2d 389 (1968). Judgment on the pleadings should not be entered if there are disputed material facts or matters which are collateral to the pleadings. Pa.R.C.P. 1034; *SN Inc. v. Long,* 208 Pa. Super. 38, 220 A.2d 357 (1966). Also, all well pleaded facts on the opposing parties' pleadings are to be treated as true and a judgment on the pleadings can only be entered when the case is free from doubt and the trial would be a fruitless exercise. *Shumaker v. Lear,* 235 Pa. Super. 509, 345 A.2d 249 (1975); *Singer by Singer v. School District of Philadelphia,* 99 Pa. Commw. 553, 513 A.2d 1108 (1986).

The first argument we address is that the doctrine of absolute privilege bars defendant's actions in this case. In support of her position defendant cites the case of *Factor v. Goode,* 149 Pa. Commw. 81, 612 A.2d 591 (1992).[3] In *Factor,* the Commonwealth Court enunciated the following:

libeled the plaintiff. The Supreme Court reversed, holding that there was not enough evidence to constitutionally establish libel and that an otherwise impersonal attack on government operations does not libel the official responsible for those operations. *Id.* 11 L.Ed.2d at 713. The Supreme Court also stated that there must be evidence showing the attack was read as specifically directed at the plaintiff before he could recover for libel.

3. *Factor v. Goode* involved a case in which the mayor of the city of Philadelphia was sued for defamation after referring to persons

"It has long been the law in this Commonwealth that high public officials are exempted by the doctrine of absolute privilege from all civil suits for damages arising out of false defamatory statements and even from statements motivated by malice, provided the statements are made in the course of the scope of the high official's authority or within his or her jurisdiction." *Factor v. Goode,* 149 Pa. Commw. at 85, 612 A.2d at 593.

Therefore, in order to apply the doctrine the test is whether the defendant is a high public official and said actions occurred within the scope of defendant's authority. The fact that the mayor is a high public official is undisputed between the two parties. Thus the remaining issue to be decided is whether she was acting within the scope of her authority or within her jurisdiction when she sent the letter which contained the alleged defamatory statements.

The city of Lancaster has adopted the mayor-council plan as its form of government and is also a city of the Third Class.[4] In this form of government the executive powers of the city are exercised by the mayor and the mayor shall enforce the charter and ordinances of the city and all general laws applicable thereto and shall oversee all of the departments of the city government. 53 P.S. §§41411-41412. Pursuant to the Third Class City Code the mayor shall also supervise the conduct of all city officers, examine the grounds of all reasonable complaints against any of them and cause all of their violations

---

with delinquent real estate taxes as "deadbeats" and "tax cheats." The Commonwealth Court found in favor of the mayor by ruling that his alleged defamatory comments were protected by the doctrine of absolute privilege.

4. This court acknowledged as much in an earlier related opinion; *Stork v. Sommers,* no. 3523 of 1992.

and neglect of duty to be promptly punished or reported to the council for correction. 53 P.S. §§36203-36205.

It is obvious from the above statutory language that defendant has both the authority and jurisdiction to supervise the conduct of all city officers, including the city treasurer. Furthermore, the subject matter that is the focus of this lawsuit, the alleged non-payment of a parking ticket, is within the authority and jurisdiction of the mayor of the city of Lancaster.

The plaintiff in his brief opposing judgment on the pleadings advances several arguments for our consideration. The first argument is that the doctrine of absolute privilege should be abolished.

Plaintiff alleges that this doctrine has been abolished by 42 Pa.C.S. §8550 of the Judicial Code, which states:

"In any action against a local agency or employee thereof for damages on account of an injury caused by the act of the employee in which it is judicially determined that the act of the employee caused the injury and that such act constituted a crime, actual fraud, actual malice or willful misconduct, the provisions of sections 8545 (relating to official liability generally), 8546 (relating to defense of official immunity), 8548 (relating to indemnity) and 8549 (relating to limitation on damages) shall not apply."

Plaintiff concedes that this argument was rejected by the Commonwealth Court in *Factor v. Goode* but argues, nonetheless, that *Factor* was wrongly decided. In *Factor,* the court held that this section explicitly refers to employees and has been applied only in those cases regarding employees of local agencies. *Factor,* 149 Pa. Commw. at 87, 612 A.2d at 594. Additionally the court found no instance in which section 8550 was used to defeat the absolute privilege of a high public official. *Id.* On

the basis of this controlling precedent, defendant's argument is dismissed.

Next, plaintiff argues that judgment on the pleadings should not be granted because it cannot be determined that the mayor was acting within the scope of her duties when she sent the missive which contained the alleged defamatory statements. Plaintiff alleges the mayor was acting outside the scope of her duties because she was making a gratuitous comment that was unrelated to whatever investigatory role she may have had and that these were not the comments of a mayor performing her job but of a politician trying to smear a political opponent.

Whether the comments were made incident to any pending investigation is irrelevant. The comments need only be made while the defendant was acting in her official capacity as mayor of the city of Lancaster. We have already ruled the mayor was in fact acting in her official capacity when she sent the letter and therefore this argument by defendant is dismissed accordingly.

Regarding defendant's other argument that the comments were the result of a political smear on behalf of the mayor, there is absolutely no evidence within the pleadings to support this charge. We regard this allegation as one not so much founded on merit, but rather an unfortunate byproduct of the inimical relationship between our city treasurer and mayor.

Finally, plaintiff argues that defendant was not acting within the scope of her authority because she was acting outside her statutorily imposed duties under the Third Class City Code. We have previously discussed this issue above and have found as a matter of law the Third Class City Code does so authorize the mayor to act in cir-

458

cumstances such as the alleged nonpayment of a city parking ticket.[5]

After a sedulous review of this matter we enter judgment in favor of the defendant and issue the following

## ORDER

And now, December 31, 1992, upon consideration of the pleadings and briefs submitted by counsel, as well as oral argument on this matter, the court hereby grants defendant's motion for judgment on the pleadings and dismisses the plaintiff's complaint with prejudice.

---

5. Due to our disposition of the first issue, there is no need to independently address defendant's second argument that plaintiff has not adequately proved a cause of defamation due to the alleged vagueness of the remarks.