## Salvio *v.* Musgrave, Appellant.

Argued October 6, 1965. Before BELL, C. J., MUSMANNO, JONES, EAGEN and O'BRIEN, JJ.

*Daniel J. Snyder,* with him *Avra N. Pershing, Jr.,* for appellant.

*Edward B. Doran,* with him *William C. Stillwagon,* for appellee.

OPINION BY MR. JUSTICE MUSMANNO, November 9, 1965:

Mrs. Salvio was injured when the car in which she was riding with Thomas Schwartz struck a curb due, Schwartz claimed, to the fact that Mrs. Betty Musgrave, driving her car in the opposite direction on Mt. Pleasant Street in Greensburg, crossed over the center line of the street, making it impossible for him to pass her and compelling him to swerve and to strike the aforementioned curb. Mrs. Salvio sued Mrs. Betty Musgrave who, in turn, filed a complaint against Schwartz, charging him with responsibility for the accident in that he drove his car carelessly, recklessly and negligently.

The case went to trial and the jury made short shrift of the case by apparently applying in reverse the exclamatory "A plague on both your houses," and returned a verdict against the plaintiff and in favor of both the defendants. The trial judge, dumbfounded, ordered a new trial because the "divergence in testimony was on the question of *which* defendant was negligent, not that neither defendant was negligent." (Emphasis supplied.)

A reading of the record shows that there is no evidence which would exonerate *both* defendants. Each defendant shot crippling shots of negligence at the other. The witnesses called by the individual defendants also fired against the opposing side. No one was neutral and if either side had been believed, a verdict for the plaintiff would have been wholly in order. The physical circumstances of the event excluded the possi-

bility that all evidentiary shots went wild. Nor would it be just or logical that the only one who should be hit by the fusillade was the person who already was an innocent victim of the highway. There was never a suggestion throughout the trial that the plaintiff was in any way contributorily negligent.

The trial judge's sense of justice was understandably shaken by the verdict and he declared: "The injustice of these verdicts is apparent and shocks one's fundamental sense of justice and cannot be permitted to stand." He added: "Were the jury to have resolved the liability against either one of these defendants one could observe that the jury had resolved the conflict in testimony that appeared before them. Where, however, as here, the jury has exonerated both defendants it is manifestly clear that the jury simply disregarded or misunderstood its duty or the issues presented for their decision. . . . Plaintiffs have a right to a day in court before a jury which will hear and evaluate the testimony and decide the issues presented for decision under the law submitted to them. As this did not occur in the instant case, our only method of rectifying such a grave miscarriage of justice is to grant a new trial against both the original defendant and the additional defendant."

In *Bellettiere v. Philadelphia*, 367 Pa. 638, this Court said: " 'One of the least assailable grounds for the exercise of such power [to grant a new trial] is the trial court's conclusion that the verdict was against the weight of the evidence and that the interests of justice therefore require that a new trial be awarded; especially in such a case is an appellate court reluctant to interfere.' "

Guided by that criterion and by a reading of the record, we are satisfied that the order of the court below should be, and is hereby, affirmed.