Morgenstern et al., Appellants, *v.* Kotik et al., Appellants.

Argued April 12, 1967.  Before ERVIN, P. J., WRIGHT, WATKINS, MONTGOMERY, JACOBS, HOFFMAN, and SPAULDING, JJ.

*James R. Duffy,* with him *John M. Tighe,* and *McArdle, Harrington, Feeney & McLaughlin,* for Morgensterns.

*Thomas J. Reinstadtler,* with him *Egler, McGregor and Reinstadtler,* for Kotiks.

OPINION PER CURIAM, June 16, 1967:

On April 26, 1963, automobiles operated by David Morgenstern and Michael Kotik collided, causing injury to both drivers and their respective passengers. Each sued the other and their cases were consolidated.

Testimony was conflicting concerning the position of the automobiles immediately prior to the collision.

34

The jury returned verdicts finding Morgenstern and Kotik "equally non-negligent, based on the evidence presented." These verdicts were molded by the court in favor of the respective defendants.

Appellants contend there was no basis for the jury to rationally determine that no negligence existed. They further contend it was error for the court to charge the jury they might find both drivers were not negligent.

The fallacy in this argument lies in its failure to consider that it is the burden on each party to prove the other was negligent and that such negligence was the proximate cause of the accident. The mere happening of an accident does not prove negligence. *Fegely v. Costello*, 417 Pa. 448, 208 A. 2d 243 (1965) ; *Cushey v. Plunkard*, 413 Pa. 116, 196 A. 2d 295 (1964). The jury could rationally find that neither party had met its burden of persuasion and it was not unreasonable for the trial judge to so charge.

Decision affirmed.

MONTGOMERY, J., would grant a new trial.