Opinion by
Spaulding, J.,
Appellant Mark B. Weinstein[1] appeals from the denial of his motions for a new trial and for judgment n.o.v. following a jury verdict in favor of appellees Philadelphia Transportation Company and Emil Forney, the additional defendant. The action arose from an accident involving a P.T.C. bus, on which appellant was a passenger, and Forney’s automobile which he was operating. The bus struck the left rear of Forney’s auto as he was making a left-hand turn across the roadway into a driveway. The collision was slight, with damage to the auto being confined to the left rear fender and taillight.
The evidence as to which of the appellees was at fault in causing the accident was directly contradic *450 tory. The collision occurred on a two lane highway, which had one lane for traffic in each direction, bordered by dirt shoulders. Forney testified that he was making a left-hand turn across the road into a driveway, when the bus hit him from the rear. He stated that he had properly signaled the turn well in advance. P.T.C.’s bus driver contradicted this testimony and placed the blame for the accident on Forney. He testified that the Forney auto, which he was following, started off the highway onto the dirt shoulder to the right as if to park. As the bus continued along the paved highway and was starting to pass the car, he claims that Forney suddenly, without signaling in any way, turned left from the shoulder into the bus’ path causing the collision.
Both Forney and the P.T.C. driver stated that the impact was very slight and that nobody on the bus, including appellant, complained of being injured at the time of the accident. Subsequently, appellant sought medical attention. He claims he suffered back injuries (or at least aggravation of a pre-existing back condition) from the accident. However, testimony presented at trial indicated appellant has been involved in several unrelated accidents and suffered from osteochondritis,[2] probably unrelated to this accident. There was also evidence indicating that hospital and doctors’ records involved here had been altered.
While the record here evokes considerable skepticism about the extent of appellant’s injuries from this accident, indicating that a retrial of the case may very *451 well result in another verdict for appellees, the trial judge erred in charging the jury. This error requires reversal and a new trial. Appellant requested the following point for charge: “5. If you find that Mark was injured in this accident, I direct that you find in favor of him and his father and then the only questions will be the amount of damages to be awarded to them and whether the bus driver or Mr. Forney or both were negligent.” (N.T. 334) This point was refused by the trial judge and an exception taken by appellant. The court below charged, to the contrary, that:
“Of course, if the plaintiff fails to meet his burden of proof of the negligence of either the defendant or the additional defendant, or both, your verdict must be for the defendant and additional defendant.” (N.T. 302) and
“If the plaintiff has proven negligence, you then may consider damages. If the plaintiff has not proved negligence, that is the end of the case.” (N.T. 304) Both the refusal of appellant’s point for charge and the charge actually given constituted error. The reasoning of the late Mr. Justice Musmanno in his opinion for the Court in Salvio v. Musgrave, 419 Pa. 346, 347-348, 214 A. 2d 226 (1965), is apposite here. He states that a new trial was ordered (there), after a jury verdict for the defendants, because:
“. . . the ‘divergence in testimony was on the question of which defendant was negligent, not that neither defendant was negligent.’” (Emphasis supplied.)
“A reading of the record shows that there is no evidence which would exonerate both defendants. Each defendant shot crippling shots of negligence at the other. ... No one was neutral and if either side had been believed, a verdict for the plaintiff would have been wholly in order. The physical circumstances of the event excluded the possibility that all evidentiary *452 shots went wild. Nor would it be just or logical that the only one who should be hit by the fusillade was the person who already was an innocent victim of the highway. There was never a suggestion throughout the trial that the plaintiff was in any way contributorily negligent.” This is exactly the situation in the instant case. The charge of the court below was therefore in error and a new trial must be granted.
The appellees argue that a new trial need not be granted because there is sufficient evidence in the record to support the jury’s verdict for appellees based on appellant’s failure to prove any injuries resulting from this collision. The trial judge’s opinion implies the same conclusion, noting that “contact [in the accident] was very slight”, despite his statement on the record that “this jury has so found a verdict for the defendants. They have found that there was no negligence.” (N.T. 332). This contradiction is precisely the problem on review. There is no way of knowing whether the jury premised its verdict on a finding of no negligence by either appellee, which the court erroneously charged them they could, or whether their verdict was based on their finding that appellant had failed to prove any damages from the accident, which would make the improper charge on negligence harmless error.
The reason we cannot make the above determination is that the trial judge compounded his error in charging the jury by refusing appellant’s request for a special verdict or special interrogatories for this purpose. We recently stated in Connelly Containers, Inc. v. Pennsylvania, Railroad, 222 Pa. Superior Ct. 7, 292 A. 2d 528 (1972), that:
“We have no way to knowing, however, whether or not the jury predicated its verdict upon the [erroneous] theory, as the jury returned a general verdict. *453 Appellant never requested a special verdict, nor did it request that special interrogatories be given to the jury to determine what was the basis of their decision.
“If we could determine that the jury found for the appellee upon the [erroneous] theory, the trial judge’s reference to [that] . . . theory would constitute ‘basic, fundamental and prejudicial error,’ which would require the granting of a new trial. Gilmore v. Marsh, 424 Pa. 361, 364, 277 A. 2d 881 (1967)____In view of appellant’s failure to request a special verdict or interrogatories of the jurors, . . . , and the fact that appellee did not argue the [erroneous] theory to the jury, we hold that the trial judge’s charge was not the ‘basic, fundamental and prejudicial error’ which would require the reversal of the judgment below. Gilmore v. Marsh, supra.”
The instant case is the inverse of Connelly. The appellant did request a special verdict or interrogatories of the jury. Where there are two possible theories on which the jury may have decided the case, one of which is erroneous, the denial of this request constitutes reversible error.
The order of the court below is reversed and the case remanded for a new trial consistent with this opinion.
Wright, P. J., Watkins and Jacobs, JJ., dissent.

 Appellant, a minor, brought suit by his parent and natural guardian, Joseph Weinstein, who also joined in the action in his own right.

 This spinal condition apparently is unrelated to the type of hack sprain appellant claims was caused by this accident. There are more than 100 pages of testimony by four different doctors and the jury was more than adequately acquainted with the medical opinions, terminology involved, and the different ailments appellant suffered at various times.