369 A.2d 381

**Bennie Ruth PLATTS et al.,**
**Appellants,**

v.

**Joanne DRISCOLL and James Driscoll**

v.

**Bennie Ruth PLATTS.**

Superior Court of Pennsylvania.

Argued Sept. 17, 1976.

Decided Nov. 22, 1976.

236

Allen L. Feingold, Philadelphia, for appellants.

Joseph P. Phelps, Jr., Norristown, for appellees.

Before WATKINS, President Judge, and JACOBS, HOFFMAN, CERCONE, PRICE, VAN der VOORT and SPAETH, JJ.

JACOBS, Judge:

This is an appeal from the denial of appellants' motions for a new trial and for judgment n. o. v. following a jury verdict in favor of appellee Joanne Driscoll and Bennie Ruth Platts, additional defendant. The action arose from a right-angle collision involving a station wagon driven by Mrs. Platts, in which appellant Yvonne

Platts was a passenger, and a compact-sized automobile operated by Miss Driscoll. For the reasons hereinafter set forth, we affirm the judgment of the court below.

The collision occurred on October 23, 1971, between 7:00 p. m. and 7:30 p. m., at the intersection of Goddard Boulevard and Wills Boulevard in King of Prussia. At this intersection Goddard Boulevard is a four-lane highway, with a fourteen foot wide grass medial strip dividing the two northbound and two southbound lanes. Wills Boulevard has one eastbound and one westbound lane. The only traffic control at this intersection was a stop sign for vehicles traveling eastbound on Wills Boulevard. Mrs. Platts testified that she exited from the parking lot of the King of Prussia Shopping Plaza onto the eastbound portion of Wills Boulevard, stopped at the stop sign, and seeing no cars approaching, proceeded across the first southbound lane of Goddard Boulevard. Miss Driscoll was traveling at approximately 30 miles per hour [1] in the left northbound lane of Goddard Boulevard, with her sister a passenger in the front seat. Mrs. Platts further testified that she observed Miss Driscoll's vehicle when it was about three car lengths from the intersection and that Mrs. Platts applied her brakes, stopping along the medial strip with about two feet of the front of her vehicle extending into the left northbound lane of Goddard Boulevard. Miss Driscoll testified that she did not see the Platts' vehicle or its lights until she was only two car lengths from the intersection.[2] Each driver contended that the other party struck her car.[3]

1. There was no posted speed limit on this portion of Goddard Boulevard so the maximum lawful speed at the time of the accident was 55 m. p. h.

2. Miss Driscoll testified that she applied her vehicle's brakes when she saw the Platts' automobile and that the speed of her vehicle was reduced to 2 to 3 m. p. h. at the time of impact. However, Miss Driscoll's sister testified that she did not feel the vehicle's brakes being applied.

3. The impact spun the Platts' vehicle around in a counterclockwise direction.

Mrs. Platts and Yvonne Platts asserted bodily injury claims against the Driscolls,[4] and Mr. Platts asserted a property damage claim as well as a claim for medical expenses and loss of consortium. Mrs. Platts was joined by the Driscolls as an additional defendant, and the Driscolls also counterclaimed against her for the property damage to the Driscoll vehicle. After a jury trial, verdicts were returned in favor of Joanne Driscoll, defendant, and Mrs. Platts, additional defendant. Appellants' motions for a new trial and for judgment n. o. v. were denied by the court en banc on April 6, 1976 and this appeal followed.

Appellants' first contention is that the jury verdict in favor of appellee, Joanne Driscoll, was improper. They assert that "appellee was negligent because she violated the duty owed by an operator on a through highway to approaching vehicles from a stop street." Appellant's Brief at 6. While Section 1014(c) of the Motor Vehicle Code[5] does give the right-of-way to a vehicle proceeding on a through highway, it further provides that this "shall not operate to relieve the driver of any vehicle being operated on a through highway from the duty to drive with due regard for the safety of vehicles entering such through highway, nor shall it protect the driver of any vehicle on a through highway from the consequence of an arbitrary exercise of such right of way." Our courts have recognized that the right-of-way on a through highway is thus a qualified one. *Enfield v. Stout*, 400 Pa. 6, 161 A.2d 22 (1960); *Martin v. Hoffman*, 365 Pa. 364, 75 A.2d 529 (1959); *MacDougall v. Chalmers*, 192 Pa.Super. 401, 162 A.2d 51 (1960). The

4. James Driscoll was the father of Joanne Driscoll and the registered owner of the vehicle driven by her. After trial, the motion for a directed verdict in his favor was granted because no evidence showed that Joanne Driscoll was his agent, servant or employee, or that she was driving on his business.

5. Act of April 29, 1959, P.L. 58, § 1014; July 29, 1965, P.L. 259, § 3, 75 P.S. § 1014(c) (1971).

operator of a vehicle on a through street still "must take such precautions in regard to the control and speed of his car and keeping an alert lookout for cars approaching the intersection as a reasonably prudent man solicitous of his own safety would take: *Martin v. Hoffman et al.,* 365 Pa. 364, 75 A.2d 529 (1950)." *Enfield v. Stout,* supra 400 Pa. at 12, 161 A.2d at 25. And, of course, a person driving a vehicle on a highway must always keep his vehicle under such control that he can stop within the assured clear distance. *Lake v. Smith,* 237 Pa.Super. 161, 346 A.2d 806 (1975); *Unangst v. Whitehouse,* 235 Pa. Super. 458, 344 A.2d 695 (1975); *Reifel v. Hershey Estates,* 222 Pa.Super. 212, 295 A.2d 138 (1972).

The jury could therefore have found appellee guilty of negligence, even though she had the technical right-of-way, if she failed to exercise due care. However, the burden of proving that appellee operated her vehicle in a negligent manner was on appellants since the mere happening of an accident does not prove negligence. *Morgenstern v. Kotik,* 210 Pa.Super. 32, 231 A.2d 874 (1967).

Appellants contend that appellee was negligent in failing to keep a proper lookout for vehicles approaching the intersection. They point to appellee's testimony that the entire intersection was visible from approximately three car lengths away, but that she failed to see appellants' vehicle or its lights until her own vehicle was only two car lengths away. Moreover, appellants assert that appellee was negligent in failing to take reasonable precautions once she saw appellants' stopped vehicle. They contend that any reasonable driver would have attempted to pass their stopped vehicle on the right.

This case was a typical jury case, where the evidence in several important points was conflicting. Under the circumstances the issue of appellee's negligence was properly for the jury who saw and heard the wit-

nesses. We are not prepared to hold that the jury's verdict in favor of appellee Joanne Driscoll was incorrect.

We come to appellants' second argument supporting their contention that a new trial should have been granted. The court charged the jury, *inter alia,* that they could find against appellant Yvonne Platts *only* if they found that neither driver was negligent. No exception to the charge was taken by appellants. However, they now assert that "[t]he testimony proves without any doubt that at least one, if not both drivers were negligent." Appellants' Brief at 12. Appellants therefore contend that the jury's verdict concerning Yvonne Platts was incorrect and a dereliction of its duties.

*Morgenstern v. Kotik,* supra, involved cross actions of trespass resulting from a collision between two automobiles which caused injuries to both drivers and their respective passengers. The jury returned verdicts finding both drivers "equally non-negligent, based on the evidence presented," and the lower court molded these verdicts in favor of the respective defendants. Appellants therein contended that the jury could not rationally have determined that no negligence existed and that the court erred in charging the jury they might find that both drivers were not negligent. In affirming the lower court's decision, we stated that the burden was on each party to prove the other was negligent and were satisfied that the jury could conclude that neither party had met his burden of persuasion.

Appellants recognize *Morgenstern v. Kotik,* supra, as setting forth the general rule concerning the burden of proving negligence. However, relying on our decisions in *Weinstein v. Philadelphia Transportation Company,* 222 Pa.Super. 448, 295 A.2d 111, *allocatur refused,* 222 Pa.Super. *xxxii* (1972), and *Fair v. Snowball Express, Inc.,* 226 Pa.Super. 295, 310 A.2d 386, *allocatur refused,* 226 Pa.Super. *xxix* (1973), appellants contend that this rule should not be applied in the present situation.

In *Weinstein v. Philadelphia Transportation Company*, supra, we were concerned with a rear-end collision between a P.T.C. bus, on which appellant was a passenger, and an automobile operated by an additional defendant. Appellant appealed from the denial of his motions for a new trial and for judgment n. o. v. following a jury verdict in favor of the appellees. The evidence as to which of the appellees was at fault was directly contradictory. Appellant requested the jury be charged to the effect that if they found he was injured, the only question should be the amount of damages and against whom they should be awarded. This point for charge was refused by the trial judge who charged instead that the jury could consider damages only if appellant had met his burden of proving the negligence of either the defendant or the additional defendant, or both. We concluded that both the refusal of appellant's point for charge, and the charge actually given, constituted error. Quoting from our Supreme Court's decision in *Salvio v. Musgrave,* 419 Pa. 346, 347–48, 214 A.2d 226, 227 (1965), we stated:

" '[T]he "divergence in testimony was on the question of *which* defendant was negligent, not that neither defendant was negligent." ' (Emphasis supplied.)

" 'A reading of the record shows that there is no evidence which would exonerate *both* defendants. Each defendant shot crippling shots of negligence at the other. . . . No one was neutral and if either side had been believed, a verdict for the plaintiff would have been wholly in order. The physical circumstances of the event excluded the possibility that all evidentiary shots went wild. Nor would it be just or logical that the only one who should be hit by the fusillade was the person who already was an innocent victim of the highway. There was never a suggestion throughout the trial that the plaintiff was in any way contributorily negligent.' " *Weinstein v. Philadelphia Transportation Company,* supra 222 Pa.Super. at 451–52, 295 A. 2d at 113.

We therefore reversed the order of the court below and remanded the case for a new trial.

Similar reasoning was applied in *Fair v. Snowball Express, Inc.*, supra. In that case we were confronted with a "wrong side of the road" accident where the evidence as to which driver was at fault in causing the accident was contradictory and it was not known for certain which party had crossed the medial strip. While both drivers denied having crossed the barrier and accused each other of being responsible, we were satisfied that at least one of them had to have crossed the medial strip. It was in *that* context that we placed the burden on the drivers to show they were free of negligence and concluded:

> "In a situation involving this type of accident, where the only evidence goes to which party was negligent and not to any exculpatory circumstances, and where the injury is to an innocent third party [the passenger in one of the vehicles], negligence must necessarily be found." *Fair v. Snowball Express, Inc.*, supra 226 Pa.Super. at 298–99, 310 A.2d at 388.

Again relying on the opinion of the late Mr. Justice Musmanno in *Salvio v. Musgrave*, supra, we found that the jury had been derelict in its duties by finding for all the defendants, when such a finding could not be supported by the record.

Appellants contend that our decisions in *Weinstein v. Philadelphia Transportation Company*, supra, and *Fair v. Snowball Express, Inc.*, supra, are controlling in the instant situation. "From the type of accident that occurred, a right-angle collision between two vehicles, the collision must have resulted from the negligence of either one or both drivers." Appellants' Brief at 13. However, *Weinstein* and *Fair* involved a rear-end collision and a collision between two vehicles, one of which must have crossed the center line. We are not prepared to conclude that some negligence was inevitable in this intersection

collision and that the jury's verdict concerning Yvonne Platts therefore constituted a dereliction of its duty.

Mrs. Platts testified that she brought her vehicle to a full stop before slowly entering the intersection. Miss Driscoll testified that she was travelling at a safe rate of speed and that she did not see the Platts' vehicle until it was too late to avoid a collision. Each driver also contended that the other party had struck her car. Thus there was evidence which could exonerate both parties. The issue concerning the negligence of either one or both drivers was properly presented for the jury's determination. A verdict in favor of both drivers does not indicate to us that the jury disregarded or misunderstood its duty, as appellants contend.

We find that the lower court committed no error in refusing appellant's motions for a new trial and for judgment n. o. v.

Judgment affirmed.

PRICE, J., concurs in the result.

SPAETH, J., dissents.