563 A.2d 114

**CENTURY 21 HERITAGE REALTY, INC., Appellee,**

**v.**

**William BAIR and Carl Cheek, Appellants.**

Superior Court of Pennsylvania.

Argued April 19, 1989.

Filed July 31, 1989.

374

James Greenberg, York, for appellant.

Daniel W. Shoemaker, York, for appellee.

Before ROWLEY, POPOVICH and JOHNSON, JJ.

POPOVICH, Judge:

This is an appeal from an order of the Court of Common Pleas of York County denying the appellants' motions for judgment n.o.v. and/or a new trial after a verdict in favor of the appellees on their claim for unpaid commissions due following the sale of the appellants' property. We reverse and remand for a new trial.

The record reveals that two lawsuits arising from the same set of facts were combined for trial. The first, out of which this appeal arises, involved the appellees' claim for their commission for providing a ready, willing and able buyer for The Dock of Hellam, Inc. which was wholly owned by the appellants. The second suit involved John and Mary Wagner's claim for breach of a valid oral contract to purchase the stock of the corporation.[1] The appellants allegedly breached the contract by selling the business to another individual. The Wagners ultimately purchased the business from the other buyer at a substantially higher cost.

Testimony at trial revealed that the appellants listed their business for sale with Century 21–Heritage Realty. The original six-month exclusive listing agreement was in the name of The Dock of Hellam, Inc. and was signed by William Bair as President of the corporation. However, Sterling Kline, the realtor's agent, testified that the appellants said the business could be sold either as a sale of assets by the corporation or as a sale of their individual stock. The exclusive listing contract expired prior to the sale of the property. While the appellants did not renew the contract, they did allow Kline to continue his efforts to sell the property.

Thereafter, Kline contacted the Wagners who had previously expressed an interest in the property under the terms of the original listing contract. After a discussion with the

1. Upon appellants' motion, judgment n.o.v. was entered against John and Mary Wagner following a jury verdict in their favor. Although discussion of the Wagners' claim is necessary for a full understanding of this appeal, the Wagners' suit is not the subject of this appeal.

Wagners, Kline drew up a specific sales proposal which required the appellants to finance most of the purchase price. Kline then advised the appellants that the Wagners would accept a proposal similar to the one he had drafted and requested authority to submit the proposal to the Wagners. Kline testified that the appellants then authorized the contract in advance if Kline could obtain the Wagners' signatures immediately.

The Wagners accepted the proposal to purchase the business at a price of $175,000. A written sales agreement listing The Dock of Hellam, Inc., as the seller and describing the property as all the business assets of the corporation, including the real estate, liquor license and equipment, was prepared. The appellants were also listed individually as sellers. The Wagners signed the agreement. However, when Kline proffered the agreement to the appellants, they refused to sign and informed Kline that they had already sold the business to another individual. It is important to note that the sales contract provided that it was void unless approved by the sellers within five days.

The appellants' version of the events is somewhat different. The appellants deny authorizing Kline to submit the proposal to the Wagners. The appellants also contend they informed Kline that they would only accept a cash sale and would not accept any proposal whereby they retained any interest in the property.

The appellants first tried to have both actions dismissed by motion for summary judgment alleging a violation of the statute of frauds applicable to the sale of real estate. This motion was denied by the court. The court reasoned that the Wagners had sued the appellants individually contending that the sale was for the stock of the corporation not for the assets, and, therefore, the statute of frauds did not apply. The appellant later alleged that a sale of the stock of a closely-held corporation was also covered by the statute of frauds citing *Jennison v. Jennison*, 346 Pa.Super. 47, 499 A.2d 302 (1985), and § 8319 of the Uniform Commercial Code. Although the court accepted this analysis, the Wag-

ners argued that their case fell within an exception to § 8319 which stated that an oral contract may be enforced if:

There is some writing signed by the party against whom enforcement is sought, or by his authorized agent, or broker, sufficient to indicate that a contract has been made for sale of a stated quantity of described securities at a defined or stated price.

The Wagners pointed to the sale agreement drafted by Kline, which was unenforceable, but, which they alleged, qualified as a writing sufficient to make the oral contract enforceable. Over defense objection, the lower court allowed the Wagners to introduce parol evidence to prove that the writing satisfied the exception to the statute of frauds outlined in § 8319 of the U.C.C.

At the close of the plaintiffs' cases, the appellants moved for a directed verdict again alleging a violation of the statute of frauds. However, the court denied the motion and allowed the case to proceed.

Ultimately, the jury found in favor of the Wagners and Century 21–Heritage Realty and Sterling Kline. Thereafter, the appellants moved for judgment n.o.v. or, in the alternative, a new trial in both suits. In the Wagners' suit, the lower court, citing *Vitro Manufacturing Co. v. Standard Chemical Co.*, 291 Pa. 85, 139 A. 615 (1927), recognized its error in allowing parol evidence to contradict the plain language of the sales agreement, specifically the application of the five-day clause. Since the agreement had not become final, the court found it could not serve as a writing which evidenced an oral agreement to sell stock. In sum, the Wagners and the appellants never entered into an enforceable contract for the sale of the property. Consequently, the court granted the appellants' request for judgment n.o.v. with respect to the Wagners' suit.

However, the court, viewing the evidence in the light most favorable to the verdict winner, concluded that the appellees did establish that they produced ready, willing

and able buyers for the property. Therefore, the court denied the appellants' motions with respect to the appellees.

Presently, the appellants assert that the trial court erred by refusing their request for special interrogatories.[2]

Generally, a trial judge in Pennsylvania may grant or refuse a request for special findings on the basis of whether such would add to the logical and reasonable understanding of the issue. We will not disturb a trial judge's decision to grant or refuse the request absent an abuse of discretion.. *Willinger v. Mercy Catholic Medical Center*, 482 Pa. 441, 445–46 n. 4, 393 A.2d 1188, 1190 n. 4 (1978); *Krock v. Chroust*, 330 Pa.Super. 108, 478 A.2d 1376 (1984); *Walsh v. Pennsylvania Gas & Water Co.*, 303 Pa.Super. 52, 449 A.2d 573 (1982). Instantly, the appellants requested that the lower court present special interrogatories to the jury, among which was the question: "Do you find in the case of *Century 21 v. Cheek and Bair* that Sterling Kline, as agent of Century 21—Heritage Realty, Inc., brought to the Defendants a purchaser ready, willing and able to purchase the property upon terms satisfactory and agreed to by the Defendants." (Appellants' Motions for Post Trial Relief). Upon review, we find that the trial judge's refusal to submit special interrogatories to the jury constituted an abuse of discretion.

In reaching our decision, we first view the charge to the jury in its entirety. See generally, *Reilly by Reilly v. Southeastern Pa. Transp. Auth.*, 507 Pa. 204, 489 A.2d 1291 (1985) (standard of review for jury instructions). The court instructed the jury correctly that, under Pennsylvania law, a real estate broker is entitled to his commission when

2. In addition, the appellants question: 1) Whether the trial judge erred when he allowed parol evidence to prove the writing satisfied the statute of frauds and instructed the jury that a finding of a valid contract between the appellants and the Wagners mandated a finding in favor of the appellees; 2) Whether the verdict was against the weight of the evidence; and 3) Whether the verdicts in the consolidated cases are inconsistent and should not be allowed to stand. Since we remand this case for a new trial based upon the court's failure to present the jury with the appellants' special interrogatories, we need not address these issues.

he or she presents the seller with a buyer who is ready, willing and able to purchase the property at terms satisfactory to the seller. *Sork v. Rand*, 422 Pa. 512, 222 A.2d 890 (1966); *Simon v. H.K. Porter Co.*, 407 Pa. 359, 180 A.2d 227 (1962); *Zitzelberger v. Salvatore*, 312 Pa.Super. 402, 458 A.2d 1021 (1983). Further, the trial court properly instructed the jurors that the appellees could prevail even if the jury found that the Wagners did not have an enforceable contract with the appellants.

However, the court also instructed the jurors as follows:

And if you find from the facts that you heard that that's a correct statement, then you would be justified in finding for the Plaintiffs, the Wagners. And I think it would automatically follow from that that you would also find in favor of the Plaintiff Kline, because if he had valid binding contract, then obviously he's found a buyer that's ready willing and able. Of course, the terms have to be acceptable to the sellers because he would have already found that they were acceptable. So if you accept that testimony of Mr. Kline, you would find, I think in favor of both the Plaintiffs. N.T., p. 228.

While this instruction is not erroneous on its face, it was, in light of the specific facts of this case, erroneous upon application.

Instantly, there were two interrelated but independent theories upon which the appellees could prevail. First, the jury could find that the Wagners and the appellants had entered into a binding contract for the sale of the stock of the corporation, and, therefore, the appellees would *automatically* be entitled to a commission. Second, the jury could find that the appellees presented the appellants with buyers ready, willing and able to purchase the property at terms acceptable to the appellants, and, therefore, the appellees are entitled to a commission, regardless of whether a sale of the property actually resulted.

Therein, the problem lies. The lower court, as evidenced by its granting of judgment n.o.v. against the Wagners, admittedly erred when it allowed the admission of parol

evidence in the Wagners' case. Thus, the jury decided in favor of the Wagners based upon inadmissible evidence when, in fact, the Wagners could not prevail under the law. Since the trial court instructed the jury that if it found in favor of the Wagners, "it would automatically follow ... that you would also find in favor of Plaintiff Kline ...", it is entirely possible that the jury never reached the independent question of whether Kline presented the appellants with a buyer ready, willing and able to purchase the property at acceptable terms.

The case of *Weinstein v. Philadelphia Transportation Company*, 222 Pa.Super. 448, 295 A.2d 111 (1972), is analogous to the case at bar. In *Weinstein*, the appellant, Mark Weinstein, appealed from the denial of his motions for a new trial and for judgment n.o.v., following a jury verdict in favor of the defendants. Mark was allegedly injured when the car in which he was a passenger was struck from the rear by a Philadelphia Transportation Company bus. The bus company and the driver of the vehicle were named as defendants; each defendant blamed the accident upon the other's negligence. The appellant requested the following jury instruction:

5. If you find that Mark was injured in this accident, I direct that you find in favor of him and his father and then the only questions will be the amount of damages to be awarded to them and whether the bus driver or Mr. Forney or both were negligent.

The court refused to issue the charge and, rather, instructed the jury that "if the plaintiff fails to meet his burden of proof of the negligence of either the defendant or the additional defendant, or both, your verdict must be in favor of the additional defendant." We found the court's instruction to be erroneous in light of our Supreme Court's holding in *Salvio v. Musgrave*, 419 Pa. 346, 214 A.2d 226 (1965), since no evidence was presented which would exonerate both defendants.

Having found that the jury instruction was erroneous and recognizing that the appellant had requested a special ver-

dict or interrogatories which if given would have eliminated any confusion, we remanded the case for a new trial, reasoning:

> ... There is no way of knowing whether the jury premised its verdict on a finding of no negligence by either appellee, which the court erroneously charged them they could, or whether their verdict was based on their finding that appellant had failed to prove any damages from the accident, which would make the improper charge on negligence harmless error.

> The reason we cannot make the above determination is that the trial judge compounded his error in charging the jury by refusing appellant's request for a special verdict or special interrogatories for this purpose.

> \*      \*      \*      \*      \*      \*

> ... Where there are two possible theories on which the jury may have decided the case, one of which was erroneous, the denial of this request constitutes reversible error.

*Weinstein,* 295 A.2d at 114. See also *Connelly Containers, Inc. v. Pennsylvania Railroad,* 222 Pa.Super. 7, 292 A.2d 528 (1972).

■ Instantly, we too must find that the trial court committed reversible error by refusing the appellants' request for interrogatories. The jury *sub judice* was presented with two theories upon which the appellees could recover, and, as previously discussed, one of the theories was premised upon trial court error. Since the trial court refused the appellants' requested special interrogatories, we cannot determine whether the jury's decision was based upon the valid theory—the appellees presented a ready, willing and able buyer to the appellants—or the erroneous theory—a verdict in favor of the Wagners (a legal impossibility) mandated a verdict in favor of the appellees. Consequently, we are compelled to find that the trial court committed reversible error, and we must remand this action for a new trial to determine whether the appellees presented the appellants with buyers who were ready, willing and able to

purchase the property at terms satisfactory to the appellants.

Reversed and remanded for a new trial in accordance with this opinion.