**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| | | |
|---|---|---|
| CRYSTAL DEMPSEY | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| Appellant | : | |
| | : | |
| | : | |
| v. | : | |
| | : | |
| | : | |
| RICHARD JOSIASSEN AND RITA | : | No. 1282 EDA 2019 |
| JOSIASSEN AND RAYMOND | : | |
| OSBOURNE | : | |

Appeal from the Judgment Entered April 9, 2019
In the Court of Common Pleas of Philadelphia County Civil Division at
No(s): No. 408 June Term 2017

BEFORE: NICHOLS, J., MURRAY, J., and COLINS, J.[*]

MEMORANDUM BY COLINS, J.: **FILED FEBRUARY 06, 2020**

This is an appeal from the denial of a motion for post-trial relief following a jury trial and the entry of judgment in favor of the defendants on the jury verdict in a motor vehicle personal injury action. We affirm.

This case arose out of a low-speed collision on Germantown Avenue near Schoolhouse Lane in Philadelphia on December 15, 2016, in which the passenger-side mirror of a car driven by defendant Raymond Osbourne (Osbourne) collided with the partially open driver-side door of the parked car of defendant Richard Josiassen (Josiassen). Appellant, plaintiff Crystal Dempsey (Plaintiff), was a front-seat passenger in Osbourne's car.

---

[*] Retired Senior Judge assigned to the Superior Court.

On June 6, 2017, Plaintiff filed this action against Josiassen, Osbourne, and Josiassen's wife, the owner of the parked car, alleging that she suffered

> injuries to her muscles, tendons, discs, ligaments, neck, back, left knee, left shoulder, cervical sprain and strain, lumbar sprain and strain, left knee sprain and strain, left shoulder sprain and strain, disc protrusions and/or aggravations of disc protrusions at C2-3, C3-4, and C4-5, disc bulges and/or aggravation of disc bulges at C5-6 and C6-7, disc protrusions and/or aggravation of disc protrusions at L1-2, L2-3, L3-4, and L4-5, posterior popliteal cyst to the left knee, partial thickness tear distal subscrapularis in the left shoulder, left shoulder supraspinatus tendinitis, AC joint arthritis, and aggravation of preexisting conditions ….

Complaint ¶10. Josiassen's wife, who was not involved in the accident, was dismissed from the action prior to trial. Stipulation, 4/18/18.

A jury trial was held December 3-6, 2018. Plaintiff, Osbourne, and Josiassen testified at trial concerning the accident and three medical expert witnesses testified by video deposition concerning Plaintiff's injuries or lack thereof.

The testimony at trial was undisputed that the accident occurred between 9:00 and 9:30 in the morning and that it was not raining or snowing. N.T., 12/4/18, at 38, 78, 83; N.T., 12/5/18, at 22. It was also undisputed that the street was a two-way street with one lane in each direction and parking on both sides. N.T., 12/4/18, at 39, 47, 79; N.T., 12/5/18, at 25. Osbourne testified that he was driving 10-15 miles per hour, that he saw a door of a parked car open approximately 10 feet ahead of him, that he put on his brakes, but could not stop in time, and that he could not move into the other lane to avoid the door because there was a bus traveling in the other

direction. N.T., 12/4/18, at 40-42, 48-50, 71-72. Plaintiff testified that she saw the open car door only at the moment of the collision or immediately before the collision and that she did not know of anything that Osbourne did that caused the accident. *Id.* at 79, 121, 126, 129-30. Josiassen testified that he had parked close to the curb in a legal parking space and that he looked in the rear-view mirror to see if any traffic was approaching before opening the door and saw nothing. N.T., 12/5/18, at 21-25, 39. Josiassen testified that he noticed a car as he opened the door and that he tried to close the door, but could not close it fast enough to prevent contact between the edge of the door and Osbourne's passenger side mirror. *Id.* at 24-27, 39.

No airbags deployed in the accident and no police or ambulance was called to the scene. N.T., 12/4/18, at 48, 70, 127; N.T., 12/5/18, at 33-34. Osbourne testified that the accident damaged his passenger side mirror and caused a scrape mark on the passenger door and that his car was fully drivable after the accident. N.T., 12/4/18, at 41-42, 44, 48. Osbourne testified that the accident also damaged his passenger side front fender, but admitted that that he did not notice fender damage on the day of the accident. *Id.* at 41-42, 56-59. Josiassen testified that the accident caused only minor dents to the edge of his car door and damage to Osbourne's passenger side mirror, and that it did not pull his door forward or damage the structure of the door. N.T., 12/5/18, at 25-29, 33-38.

Plaintiff had previous lower back, neck and shoulder injuries from a workplace accident in 2004 and had not worked since 2011 as a result of those injuries. N.T., 12/4/18, at 86, 93-95. Plaintiff also had suffered neck and back injuries in a prior car accident. *Id.* at 85-86, 111. After the December 15, 2016 accident that is the subject of this action, Plaintiff was taking the same pain medications in the same dosages as she took before the accident. *Id.* at 101-02, 115-16.

The trial court instructed the jury that it was to decide the question "Was either Raymond Osbourne or Richard Josiassen negligent?" and did not instruct the jury that it must find at least one of the two defendants negligent. N.T., 12/6/18, at 63. The case was submitted to the jury on special interrogatories that asked the jury:

> Do you find any of the Defendants negligent? Please answer for each Defendant.
> Defendant Richard Josiassen        Yes ____  No ____
> Defendant Raymond Osborne         Yes ____  No ____

Verdict Sheet. The jurors were instructed that if their answer was "no" as to both defendants, Plaintiff could not recover and that they should stop and return to the courtroom. N.T., 12/6/18, at 66-67; Verdict Sheet. Plaintiff did not object to the jury instructions or special interrogatories. N.T., 12/5/18, at 4-8, 51-53; N.T., 12/6/18, at 75. The jury returned a verdict that neither Osbourne nor Josiassen was negligent. *Id.* at 77; Verdict Sheet. Plaintiff raised no objection to the verdict until after the trial court dismissed the jury. N.T., 12/6/18, at 77-79.

Plaintiff timely filed a post-trial motion asserting that Josiassen was negligent as a matter of law and that the verdict was against the weight of the evidence on the ground that at least one of the two defendants had to be negligent. The only relief that Plaintiff sought in her post-trial motion was the vacating of the jury verdict and the granting of a new trial limited to damages. On March 29, 2019, the trial court denied Plaintiff's post-trial motion and on April 9, 2019, judgment was entered in favor of defendants on the jury verdict. This timely appeal followed.

> Plaintiff presents the following single issue for our review:
>
> Did the trial court abuse its discretion and commit error by denying Appellant's request for new trial, when the jury entered a defense verdict on negligence, despite the fact that Josiassen and Osbourne collided their vehicles, Dempsey was an innocent passenger in Osbourne's vehicle, no evidence was put forth of negligence of an unnamed third party, and no evidence was put forth as to any intervening or superseding causes for the collision?

Appellant's Brief at 4. Appellee Josiassen, in addition to opposing Plaintiff's appeal on the merits, asserts that this issue is barred by waiver.[1] We agree.[2]

---

[1] Appellee Osbourne did not file a brief in this appeal.

[2] While the trial court did not base its denial of Plaintiff's post-trial motion on waiver, we may affirm a trial court's decision if there is a proper basis for the result reached, even if it is different than the basis relied upon by the trial court. *Generation Mortgage Co. v. Nguyen*, 138 A.3d 646, 651 n.4 (Pa. Super. 2016); *In re Estate of Rood*, 121 A.3d 1104, 1105 n.1 (Pa. Super. 2015). The issue of waiver is a question of law subject to this Court's plenary, de novo review. *Stapas v. Giant Eagle, Inc.*, 198 A.3d 1033, 1037 (Pa. 2018); *Straub v. Cherne Industries*, 880 A.2d 561, 566 n.7 (Pa. 2005).

Claims that a verdict is inconsistent or impermissible cannot be raised for the first time in post-trial motions and are waived where the party seeking relief did not object at trial to the verdict sheet and instructions that permitted the verdict and did not object to the verdict before the jury was dismissed. *Stapas v. Giant Eagle, Inc.*, 198 A.3d 1033, 1042 (Pa. 2018); *Straub v. Cherne Industries,* 880 A.2d 561, 566-68 (Pa. 2005). Ordinarily, claims that a jury's verdict is against the weight of the evidence may be raised for the first time in post-trial motions and are not waived by failure to object before the jury is dismissed. *Stapas*, 198 A.3d at 1038; *Criswell v. King*, 834 A.2d 505, 513 (Pa. 2003).

The fact that a post-trial motion is framed as a weight-of-the-evidence challenge, however, does not excuse failure to preserve the issue by objection at trial unless the motion challenges the jury's weighing of conflicting evidence, rather than its ability to render the verdict that it reached. *Stapas*, 198 A.3d at 1042. As our Supreme Court explained in *Stapas*,

> [A]ppellant's characterization of its challenge to the verdict as a weight of the evidence challenge does not avoid waiver. … [A] weight of the evidence claim ripens after the verdict because it does not challenge the jury's ability to render a verdict; instead, it contends the jury's resolution of competing evidence was "a miscarriage of justice."

*Id.* (quoting *Criswell*) Thus, if the contention in a motion for a new trial based on weight of the evidence is that the jury could not reach the verdict that it did under the evidence before it, the issue must be preserved at trial and is waived if the movant fails to object to the jury instructions and verdict

- 6 -

form and makes no objection to the verdict before the jury is dismissed. ***Stapas***, 198 A.3d at 1042 (defendant was barred by waiver from challenging the jury's unsupported award of future lost wages on weight-of-the-evidence grounds where it did not object to the jury instructions or damages interrogatory or object to the verdict before the jury was dismissed).

While Plaintiff characterizes that the jury's verdict as being against the weight of the evidence, Plaintiff's argument is not that the jury improperly weighed competing evidence, but that she is entitled to a new trial because there was no evidence that anything caused the accident other than negligence of one or the other defendant and that a jury cannot permissibly return a verdict that neither driver in a two-vehicle collision is negligent if there is no evidence of another cause for the accident.  Plaintiff argues:

> **No evidence** was presented that established that [Plaintiff] was in any way negligent. **No evidence** was presented that an unnamed third party was negligent or that some 'Act of God' occurred that would relieve either party of their obligation to operate their motor vehicles safely, avoiding collisions with other vehicles. … **The facts of this case are sufficient to require a jury to find negligence on one or both of the Defendants.**
>
> \*　　　　\*　　　　\*
>
> There was **no evidence** offered as to [Plaintiff's] comparative negligence. There was **no evidence** put forth of any superseding or intervening causes. There was **no evidence** of negligent or intentional conduct of an unnamed third party.
>
> \*　　　　\*　　　　\*
>
> The jury was free to find Josiassen credible and find against Osbourne on the issue of negligence, or to find Osbourne credible and find against Josiassen on the issue of negligence, or to determine both Osbourne and Josiassen had credibility issues and find both of them negligent, **what is not permissible is to state that under the circumstances presented that neither was negligent in any manner.**

Appellant's Brief at 13-14, 16-17 (emphasis added).

Because she challenges the jury's ability to render the verdict that neither defendant was negligent and not its resolution of competing evidence, Plaintiff was required to object to the jury charge or verdict form that permitted the jury to find both defendants not negligent or to the verdict before the jury was discharged. *Stapas*, 198 A.3d at 1042. Plaintiff, however, did not object to the jury instructions or verdict form and did not object to the verdict until after the jury was dismissed. Had Plaintiff timely objected, the issue of whether the jury could find that neither defendant was negligent could have been addressed by the trial court at trial and the jury could have been given the opportunity to render a verdict that would not be subject to the challenge that she now raises.[3] Instead, Plaintiff withheld her

_____

[3] Because we conclude that Plaintiff's challenge to the verdict is barred by waiver, we do not decide whether the jury was required to find at least one defendant negligent here. We note that while this Court and our Supreme Court have found in a number of cases that at least one driver in a two-vehicle collision must be negligent, those cases are factually different from this case. *Salvio v. Musgrave*, 214 A.2d 226, 227 (Pa. 1965) (vehicles were traveling toward each other in opposite directions and one vehicle ran into the curb, allegedly because other vehicle had crossed into its lane); *Cobb v. Chubeck*, 160 A.2d 207, 208-09 (Pa. 1960) (accident occurred when one vehicle made a left turn in front of an oncoming vehicle); *Lind v. Thomas*, 401 A.2d 830, 832-33 (Pa. Super. 1979) (accident occurred when one vehicle made a left turn in front of an oncoming vehicle); *Fair v. Snowball Express, Inc.*, 310 A.2d 386, 387-88 (Pa. Super. 1973) (vehicles were traveling toward each other and accident was head-on collision that occurred when one or both vehicles crossed at least part way into the other vehicle's lane of travel); *Weinstein v. Philadelphia Transportation Co.*, 295 A.2d 111 (Pa. Super.

objection until she did not like the result of the trial and prevented the jury that heard the case from rendering a verdict consistent with what she now claims that the law requires. Because Plaintiff did not raise any timely objection that the jury could not render a verdict that neither defendant was negligent, she waived this issue and cannot seek a new trial on this ground. *Id.*

Because Plaintiff's sole issue in this appeal is waived by her failure to timely raise it in the trial court, we affirm the judgment entered on the jury's verdict.

Judgment affirmed.


Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary


Date: 2/6/20

---

1972) (vehicles were traveling in the same direction, one behind the other, and the following vehicle collided with the vehicle in front when the vehicle in front was making a left turn). We also note that this Court held in **Platts v. Driscoll**, 369 A.2d 381 (Pa. Super. 1976), that a passenger-plaintiff was not entitled to a new trial where the jury found neither driver negligent in an intersection collision and both drivers testified that they were looking carefully and driving at safe speeds.